## REX CO. v. INTERNATIONAL HARVESTER CO. et al.

### No. 9262.

Circuit Court of Appeals, Fifth Circuit.

Dec. 7, 1939.

Lloyd E. Elliott and M. N. Chrestman, both of Dallas, Tex., for appellant.

James Ralph Wood and H. T. Bowyer, both of Dallas, Tex., for appellees.

Before FOSTER, SIBLEY, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

International Harvester Company brought suit against Rex Company and the Trustees of the Estate of J. B. Wilson, deceased, seeking a declaratory judgment under the provisions of 28 U.S.C.A. § 400, Jud.Code Sec. 274d. The petition sought a declaration of the rights of Rex Company in and to certain real property in Dallas, Texas. The cause was tried upon a stipulation of facts and the Court entered judgment declaring that Rex Company had no rights in the property.

In November, 1888, Dallas Cotton & Woolen Mills and D. Blankenship recorded a plat subdividing 47.3 acres of land in Dallas, Texas. The streets and alleys shown by the map were dedicated and donated to the City. Subsequent conveyances were made by reference to the City Map of the property. In later years the Industrial Company, a corporation purchased lots from various owners and became the owner of all the property bounded by Burnett, Austin, Alexander, and Cockrell Streets. This block of property was intersected by South Lamar Street, Dexter Street, and an alley. While Industrial held title to this

block of property the City decided to relocate South Lamar Street. Industrial Company conveyed the land necessary for the relocation of this street. The City paid Industrial $2,800 for the right of way across the corner of its property and then by ordinance abandoned and vacated the streets and alleys intersecting the block. Thereafter the City of Dallas quitclaimed the public rights in the streets and alley to Industrial Company.

In 1932 the Trustees of the Wilson Estate acquired title through Industrial to all of the block of property bounded by Burnett, Austin, Alexander, and Cockrell Streets, with the exception of a triangular tract bounded by Alexander Street, Cockrell Avenue, and South Lamar Street as relocated. The instruments of conveyance to the Trustees contained descriptions which included the abandoned streets and alley in that portion of the block. Subsequently, through a chain of title going back to Industrial Company, the Rex Company acquired the remaining triangular tract of land above described.

On November 7, 1938, the Trustees entered into contract to sell their property to International Harvester Company. They agreed to convey a good and merchantable title and the Harvester Company agreed to pay $65,000 for the property. An abstract of title was furnished and the Harvester Company approved title except for a claim of Rex Company that it had a private right of easement in and to the abandoned streets and alley in the Trustees' tract. The Trustees contended that Rex Company had no such right of easement, and demanded that International Harvester Company consummate the contract by accepting a deed and paying the price agreed upon.

The Harvester Company thereupon filed its petition setting out at length the facts upon which Rex Company based its claim, and the contention and demands of the Trustees. By its petition the Harvester Company sought an adjudication of what rights, if any, Rex Company had in the property, and whether or not the Trustees had merchantable title free of any easement of the Rex Company. The Trustees and the Rex Company were named parties defendant.

■ Rex Company now questions the jurisdiction of the Court and contends that there was no real controversy between the Harvester Company and the Trustees of the Wilson Estate; that the only relief sought was against Rex Company; that the Trustees, some of whom are Texas citizens, should be regarded as parties plaintiff; and that if the parties are properly aligned the cause will lack an essential element of federal jurisdiction; namely, diversity of citizenship.

The contention is without merit. International Harvester Company wanted to buy the property for the purpose of erecting a $250,000 plant. Rex Company was asserting a claim of private easement and threatening to enjoin the closing of the abandoned streets and alley in the Trustees' tract. The Harvester Company was unwilling to risk a huge investment under such circumstances. On the other hand the Trustees were claiming that Rex Company had no such right of easement and were tendering a deed and demanding that the Harvester Company live up to its contract. By the petition for declaratory judgment the Harvester Company was seeking to protect its own peculiar rights, and the fact that the Trustees favored some of the relief sought by the Harvester Company does not compel a realignment of the parties which would destroy the petitioner's right to federal jurisdiction. Republic National Bank v. Mass. Bonding & Ins. Co. et al., 5 Cir., 68 F.2d 445; Chase Nat. Bank v. Citizens Gas Co., 7 Cir., 96 F.2d 363; Franz v. Franz, 8 Cir., 15 F.2d 797; Sutton v. English, 246 U. S. 199, 38 S.Ct. 254, 62 L.Ed. 664. The cases relied on by the appellant are readily distinguishable on their facts. De Graffenried v. Yount-Lee Oil Co., 5 Cir., 30 F. 2d 574; Joseph Dry Goods Co. v. Hecht, 5 Cir., 120 F. 760. We are of opinion that there was an actual controversy between the parties and that the Court had jurisdiction.

■ The Industrial Company was the common source of title of the Trustees and Rex Company. The Industrial Company owned all the lots and the vacated streets and alleys subject only to whatever private rights other lot owners in the addition might have. Dallas Cotton Mills v. Industrial Company, Tex.Com.App., 296 S.W. 503. When the City of Dallas abandoned the streets and alley and quitclaimed the public rights to Industrial, the Industrial Company became the owner of the dominant and servient estates and its private right of easement merged into its greater title. "When the owner of an estate enjoys an easement over another, and acquires title to

the latter, the easement is thereby extinguished." Howell v. Estes, 71 Tex. 690, 12 S.W. 62; 19 Corpus Juris 945–947.

Rex Company took title with notice of the prior conveyance to the Trustees, and with notice that the conveyance of the larger tract had been made without reservation of any easement for the benefit of the smaller tract. The Court properly found that the Trustees held the property free of any right, title, or easement of Rex Company.

The judgment is affirmed.