**DELANEY et al. v. CARTER OIL CO. et al.**
**No. 3798.**

United States Court of Appeals
Tenth Circuit.
April 15, 1949.

Rehearing Denied May 18, 1949.

See also 174 F.2d 318.

A. W. Trice, of Ada, Okl. (Orel Busby and L. H. Harrell, both of Ada, Okl., and

---

[6] Henry Cowell L. & C. Co. v. Santa Cruz County Nat. Bank, 82 Cal.App. 519, 225 P. 881, 882.

[7] St. Louis & S. F. R. Co. v. Hall, 186 Ala. 353, 65 So. 33, 35.

Benjamin C. Conner, John M. Winters, Jr., Gentry Lee and Roger S. Randolph, all of Tulsa, Okl., on the brief), for appellants.

Haskell Paul, of Pauls Valley, Okl. (R. D. Hudson, of Tulsa, Okl., on the brief), for appellee Glen S. Dille.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

The Carter Oil Company of West Virginia brought this declaratory action against Delaney, Dille and the Zephyr Drilling Company, all citizens of Oklahoma, for a declaration of the rights of the parties under an oil and gas development contract between Carter, Delaney and Zephyr, in the subject matter of which Dille also claims an interest. Delaney and Zephyr answered, and cross-claimed against Dille, who moved to dismiss the action on tł grounds that the only justiciable controversy was between Dille and his co-defendants, and there being no diversity of citizenship between them, the court was without jurisdiction.

Upon statements made in open court by counsel for Dille concerning the nature of his claim, and particularly to the effect that he was asserting no claim adverse to Carter, the court dismissed the action for lack of a justiciable controversy between parties of diverse citizenship.

Delaney and Zephyr have appealed, contending that Carter's complaint did state a justiciable controversy between citizens of different states in which they had a litigable interest, and that the trial court's order of dismissal rests not upon the sufficiency of the complaint, but upon concessions and stipulations obtained in open court. Of course if Carter's complaint did not state a claim for declaratory relief, the court's jurisdiction necessarily fails, for there is no requisite diversity between the parties to the cross-complaint. See Kelleam v. Maryland Casualty Company, 312 U.S. 377, 61 S.Ct. 595, 85 L.Ed. 899; Moore v. New York Cotton Exchange, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750, 45 A.L.R. 1370; Isenberg v. Biddle, 75 U.S. App.D.C. 100, 125 F.2d 741; Kromer v. Everett Implement Co., C.C., 110 F. 22. Since jurisdic-

tion must be judged by the sufficiency of the complaint, we look to it as determinative of our question. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 LEd. 826.

After alleging diversity of citizenship and requisite amount in controversy, Carter's complaint alleged in substance that on or about March 5, 1946, Carter entered into a written contract with Delaney and Zephyr, under which it acquired an undivided 60% interest in certain oil and gas leases owned by Delaney and Zephyr, in consideration of cash and the drilling and completion of an oil well on the leases; that after examining the abstracts of title, and being convinced that Delaney and Zephyr were the record owners of the leases, it drilled and completed a well in accordance with the contract, and thereafter drilled and completed nineteen other wells on the lease at a cost of more than $1,000,000.00, not less than 60% of which was paid by it; that on May 6, 1948, these leases were producing approximately 1845 barrels of crude oil per day, with a gross value of $156,000.00 per month, and that it is operating the partnership leases, and purchasing and paying for the oil to Zephyr and Delaney. That in the course of the orderly development and operation of the lease, additional wells may be drilled, for which the parties will be liable in proportion to their interest in the leases. It alleged that the defendant Dille had filed a suit in the District Court of Garvin County, Oklahoma against Delaney and Zephyr to establish a joint venture, under which Dille would be the owner of an undivided one-third interest in the leasehold estates covered by the Carter contract, and had asserted the right to have the interest in the leasehold estates partioned in kind; that if Dille owns any interest in the leases, it is subject to the Carter contract as executed by his alleged joint adventurers. It was further alleged that under the contract, Carter had the duty to develop and operate the properties, to sell and pay for the oil, and the questions concerning the drilling of additional wells and of expenditures in connection with the operation of the properties, as well as the question as to whom among the defendants shall be liable for the development and

operation cost attributable to the 40% interest, must necessarily be decided if the orderly development and operation of the property was to be continued.

It is said that until such determination is made, Carter cannot comply with its obligation under the contract to distribute proportionately to the parties income derived from the leases. Wherefore, Carter prayed for a declaration: (1) that the contract was in full force and effect and binding upon each and all of the defendants; (2) that none of the defendants had a right to partition Carter's undivided interest in the leases; (3) determining the proportionate share of each of the defendants in the 40% interest in the leasehold estates, together with the respective rights of each defendant in the oil that may be produced therefrom, and the respective liability of each defendant for further development and operating cost; (4) that regardless of whether the defendant Dille owns any interest in the properties, the defendants Delaney and Zephyr were authorized to bind all of the parties to the provisions of the contract, including the consent to the drilling of additional wells, and the making of expenditures in connection with operations in accordance with the terms of the contract; and (5) for such other relief as might be equitable and just.

When the motion to dismiss came on for hearing, Dille's attorney announced in open court that he was asserting no claim adverse to Carter; that he recognized the contract, and agreed to be bound thereby; and that since there was no controversy between Carter and Dille, the court lacked jurisdiction. In the course of the statements by the respective counsel, the attorney for Carter tendered his affidavit refuting statements by Dille's counsel. He stated that Dille's attorney had refused to stipulate that his client was claiming no interest in the property adverse to Carter; or that he recognized the contract and agreed to be bound thereby; or that he was asserting no right to partition the property in kind as against Carter.

After continuance for briefing and further hearing, Dille's attorney stated in response to questions from the court and Carter's attorney, that his client disclaimed any interest in the properties adverse to Carter under its contract; that the contract impliedly prohibited the partition of the leasehold estates in kind, and he accordingly waived all rights that he might have or hereafter acquire to partition in kind. Whereupon, Carter's attorney insisted that Dille's admissions went to the merit of the lawsuit, and that the suit was ripe for summary judgment, and suggested that he be permitted to so move. But the court took the view that from the statements made, there was no controversy between Carter and Dille, and he therefore lacked jurisdiction of the subject matter, and accordingly dismissed the suit.

We think the court's judgment is based upon a misconception of the nature of the declaratory relief sought. In the first place, if the court's jurisdiction is to be governed by the allegations in the complaint, it cannot be denied upon the ascertainment of facts which go to the merits of the action asserted. In other words, the confession of a judgment amounts to an exercise of jurisdiction and not a denial of it. See Binderup v. Pathe Exchange, 263 U.S. 291, 44 S.Ct. 96, 68 L.Ed. 308; Moore v. New York Cotton Exchange, supra.

[2] It is true that judged by conventional concepts of rights of action, Carter stated no claim against Dille, or for that matter against any of the defendants. It asserted no breach of legal duty, nor asked for coercive relief. It claimed no proprietary interest in the undivided 40% interest in the leases; its asserted interest therein was to the effect that it had a duty under its contract to develop and operate the properties as a partnership enterprise, and that it could not discharge that duty orderly and efficiently unless the identity and respective rights of its partners were judicially determined. It alleged in effect that the uncertainty of the ownership of the undivided 40% interest in the leases created by Dille's suit rendered uncertain its contractual rights and liabilities, so that it could not proceed thereunder without the risk of peril to itself. It thus asserted a direct and immediate legal interest in the outcome of the controversy between the co-defendants. It sought to secure a settlement or stabilization of the rights of the parties by suing

all interested parties for a declaration of their rights under a contract, in which they all claimed a legal interest. One of the highest offices of declaratory procedure is to remove uncertainty and insecurity from legal relations, and thus clarify, quiet and stabilize them before irretrievable acts have been undertaken. Borchard on Declaratory Judgments, 2d Ed., p. 283 and 927-931. See also American Machine & Metals v. De Bothezat Impeller Co., 2 Cir., 166 F.2d 535; James v. Alderton Dock Yards, 256 N.Y. 298, 176 N.E. 401. Another prime purpose is to enable an issue of questioned status or fact, on which a whole complex of rights may depend, to be expeditiously determined. Borchard, p. 284. The sufficiency of Carter's complaint must be judged according to this juridical concept.

Carter's complaint is somewhat akin to a suit to quiet title, in which it is alleged that the controversy between the co-defendants constitutes a cloud upon Carter's interest in the subject matter of the controversy. Carter simply asserts that whatever interest the co-defendants may have in the subject matter of their controversy is subservient to its interest, and asks that the parties come in and set up their claimed interests for adjudication. Cf. Rex Co. v. International Harvester, 5 Cir., 107 F.2d 767.

Dille's confessions in open court may have settled some of the issues raised by the complaint, but it did not serve to establish the legal insufficiency of Carter's complaint and the non-existence of a justiciable controversy. At most it afforded a factual basis for adjudication. The complaint stated a cause of action for declaratory relief, to which the appellants were parties, with a direct, immediate, substantial, and hence appealable interest. See In re Michigan-Ohio Bldg. Corp., 7 Cir., 117 F.2d 191.

We hold that Carter's complaint stated a claim for declaratory relief over which the trial court acquired jurisdiction and that it, therefore, erred in dismissing the action.

The case is accordingly reversed with directions to proceed in accordance with these views.

BRATTON, Circuit Judge (dissenting).

The facts are stated in the opinion of the majority and therefore they need not be repeated here. It is urged as a ground for reversal of the judgment that at the time of the institution of the action a justiciable controversy existed between Carter and Dille and that the admissions and stipulations of Dille did not eliminate such controversy but merely deferred or abated it temporarily. Assuming that a justiciable controversy did exist between Carter and Dille at the time of the institution of the suit, assuming that the admissions and stipulations of Dille did not eliminate such controversy but merely deferred or abated it temporarily, and assuming that the court improvidently dismissed Carter's action, Carter did not appeal. Neither did Dille. Delaney and Zephyr alone appealed, and they cannot be heard to complain that the court erred in dismissing Carter's action.

Delaney and Zephyr attempted to plead a counterclaim against Carter. In such counterclaim, they alleged in substance that the contract was valid, and further alleged that they were entitled to receive their share of the oil and gas or their share of the proceeds thereof in accordance with the provisions of the contract. And they sought a judgment requiring Carter to recognize their rights and to account to them accordingly. But it was not alleged directly or indirectly that Carter contended that the contract was invalid; was not alleged directly or indirectly that Carter contended that they were not entitled to receive their share in the oil and gas or the proceeds therefrom as provided in the contract; and was not alleged directly or indirectly that Carter intended or threatened to breach the contract or cease to fulfill its commitments under it. In short, each counterclaim failed to allege a cause of action against Carter for which Zephyr and Delaney were entitled to relief, and therefore the court did not err in dismissing the counterclaims.

By way of cross-claim Delaney and Zephyr each stated a cause of action against Dille. But Carter invoked the jurisdiction of the court on the ground of diversity of citizenship between plaintiff on one hand and all defendants on the other. There was no diversity of citizenship between or among the defendants. All of them were citizens of Oklahoma. And when the court

dismissed Carter's action, no jurisdiction remained to grant relief on the cross-complaint against Dille. Kelleam v. Maryland Casualty Co., 312 U.S. 377, 61 S.Ct. 595, 85 L.Ed. 899. It seems clear to me that the judgment should be affirmed.