**ACHESON, Secretary of State of United States v. YEE KING GEE.**

**No. 12431.**

United States Court of Appeals
Ninth Circuit.

Oct. 4, 1950.

J. Charles Dennis, U. S. Atty., John E. Belcher, Asst. U. S. Atty., Seattle, Wash., for appellant.

J. P. Sanderson, Gerald Shucklin of Hile, Hoof & Shucklin, all of Seattle, Wash., for appellee.

Jackson & Hertogs, San Francisco, Cal., as amicus curiae.

Before HEALY, BONE, and POPE, Circuit Judges.

HEALY, Circuit Judge.

This is an appeal by the Secretary of State from a judgment of the District Court for the Western District of Washington declaring appellee to be a national of the United States.

Appellee is a minor. The suit was brought by his father, Yee Don Found, as next friend, under the provisions of § 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903, providing in part: "If any person who claims a right or privilege as a national of the United States is denied such right or privilege by any Department or agency, or executive official thereof, upon the ground that he is not a national of the United States, such person, regardless of whether he is within the United States or abroad, may institute an action against the head of such Department or agency in the District Court of the United States for the District of Columbia or in the district court of the United States for the district in which such person claims a permanent residence for a judgment declaring him to be a national of the United States. * * *"

Another provision of the 1940 Act should have preliminary notice, namely, § 201(g), 8 U.S.C.A. § 601(g). This statute so far as here material provides:

"The following shall be nationals and citizens of the United States at birth: * * *

"(g) A person born outside the United States * * * of parents one of whom is a citizen of the United States who, prior to the birth of such person, has had ten years' residence in the United States * * *, at least five of which were after attaining the age of sixteen years, the other being an alien: * * *."

There is no dispute as to the facts of the case. Appellee was born in China March 16, 1941, the son of Yee Don Found, who, although born in China, is an American citizen by virtue of the fact that his father was a citizen. Yee Don Found arrived in the United States on August 6, 1929 at the age of 17 years, being admitted as a citizen. He lived for a time in Boston, where he attended school, and later engaged in the restaurant business at Santa Barbara. He has since 1939 resided in Seattle and carried on his business or occupation there. During the period here important he made two visits to China, the first departure being in 1936 when he went to that country and was married to a woman of Chinese nationality, returning to the United States after a stay lasting a few days less than two years. The second visit was in 1940–41 during which time appellee was conceived and born. Prior to the institution of this suit Yee Don Found brought to the United States his wife and two children born to the couple prior to 1940.[1]

Leaving out of account the periods covered by the father's absence in China, he was physically present in this country but eight years and four months prior to appellee's birth. Because of this fact the American consul general at Canton declined to recognize appellee's American nationality and refused to permit him to be brought to the United States. Subsequently, pursuant to the statutory provision permitting that procedure, the Secretary allowed him to come here for the purpose only of prosecuting his action.

Both below and here the Secretary has urged but two propositions, (1) that the district court was without jurisdiction to entertain the suit, and (2) that the father had not resided in the United States for the required ten years prior to appellee's birth. We agree with the trial court that the Secretary is wrong on both counts.

1. The first point has to do really with venue rather than jurisdiction. The contention is that in the circumstances of the case the only court in which action might be brought was the district court for the District of Columbia, where the Secretary resides. However, § 503 of the Act provides that the action may be brought either there or in the district in which the

1. These children were admitted as citizens under provisions of the law existing prior to the Nationality Act of 1940, 8 U.S.C.A. § 501 et seq.

person asserting nationality "claims a permanent residence". The complaint alleged that appellee claims his permanent residence as Seattle, Washington, where his father resides. The allegation sufficed to invoke the jurisdiction of the court below[2]; and the court found as a fact that the claim of Seattle residence was made in good faith and upon substantial basis. It is to be noted that the statute permits the bringing of the suit regardless of whether the plaintiff is within the United States or abroad. In the circumstances in evidence the minor's claim to permanent residence where his father lived was neither irrational nor unfounded.

2. The proposition more seriously urged is that Yee Don Found had not, prior to appellee's birth, had 10 years' residence in the United States within the contemplation of § 201(g), supra.

The term "residence," as there used, is entitled to a broad and liberal construction. Significantly, it is not qualified by the words "actual" or "continuous." It implies no requirement of physical presence. Moreover, § 104 of the Act provides that for the purpose of certain designated sections, including 201, "the place of general abode shall be deemed the place of residence." The court found on persuasive evidence that the father's two visits to China were for the purpose of visiting his relatives and for no other reason; that he had no intention of abandoning his residence in the United States, and that in fact he had resided here since his arrival in August 1929, hence had been a resident of this country for nearly 12 years prior to the date of appellee's birth.

In United States v. Rockteschell, 9 Cir., 208 F. 530, 531, this court considered a cognate provision of the naturalization law requiring that the applicant shall have resided in the United States "continuously for the period of five years." Speaking through Judge Dietrich, the court said, 208 F. at page 533: "To establish a residence there must doubtless be a concurrence of act and intent; but, when once

established, temporary absences from time to time, unaccompanied by an intent to abandon or change the residence, do not operate to interrupt the continuity thereof. * * * Within reasonable limits, therefore, it is a question of fact, to be determined in the light of all the attendant circumstances of each particular case, whether the continuity of residence has been broken by temporary absences."

The Immigration and Naturalization Service appears consistently to have taken a like view of the residence requirements of § 201(g). A number of its decisions have been cited, including the cases of Lynn Patricia Burnard, file 56172/878; Sydney Joel Kadwell, file 1415-830; Wong Wah Chill, file 56232/575; In re Eldeen Wai Hoi Fok, A-7047289, Dec. 6, 1948; In re Chu Sze Chiang, 1300-99443, July 28, 1950. We have had access to but three of the files, these being the last three cited. The position taken in them is in harmony with the views we have expressed. On oral argument counsel for the Secretary disclaimed any knowledge of these administrative determinations, and he has not since undertaken to dispute appellee's contention that the Secretary's interpretation of the statute is at variance with the position of the Immigration Service.

The judgment is affirmed.

2. Binderup v. Pathe Exchange, 263 U.S. 291, 44 S.Ct. 96, 68 L.Ed. 308; Utah Fuel Co. v. National Bituminous Coal Comm., 306 U.S. 56, 60, 59 S.Ct. 409, 83 L.Ed. 483.