**WONG GAN CHEE et al. v. ACHESON, Secretary of State.**

No. 29925.

United States District Court
N. D. California, S. D.

Feb. 16, 1951.

Jackson & Hertog, San Francisco, Cal., for plaintiffs.

Frank J. Hennessy, U. S. Atty., San Francisco, Cal., for defendant.

HARRIS, District Judge.

Plaintiffs, through their father, Wong Gan Chee, have filed a petition for declaratory judgment establishing United States nationality under Section 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903.

Wong Gan Chee is a United States citizen who was first admitted to the United States on October 10, 1928. He remained in this country until August 9, 1940, on which date he departed for China after obtaining from the Immigration and Naturalization Service a returning citizen's form which indicated an intention to make a temporary visit for a period of six months to two years. By force of circumstances, he was detained in China until November 1946.

During Wong Gan Chee's absence from the United States, he married in China on October 28, 1940. Plaintiffs were born of this marriage in 1943 and 1945 respectively.

At the time of Wong Gan Chee's departure from the United States he was twenty years and seven months of age. He had lived in the United States continuously for more than ten years, but lacked five months of completing a five year period after attaining the age of sixteen.

The sole question for the Court's determination of plaintiffs' right to enter the United States as Nationals is that of determining whether Wong Gan Chee satis-

817

fied the statutory requirements of Section 201(g) of the Nationality Act of 1940, 8 U.S.C.A. § 601(g). The answer to this question hinges on the meaning of the term "residence" as used in the applicable statute which reads as follows: "The following shall be nationals and citizens of the United States at birth: * * * (g) A person born outside the United States * * * of parents one of whom is a citizen of the United States who, prior to the birth of such person, has had ten years' residence in the United States * * *, at least five of which were after attaining the age of sixteen years, * * *."

As construed by the Court of Appeals for this Circuit in Acheson v. Yee King Gee, 184 F.2d 382, the term "residence" as used in this section is entitled to a broad and liberal construction. It need not be actual nor continuous, nor does it require physical presence during the full statutory period. In the Yee case, despite two absences, the Court of Appeals held that petitioner satisfied statutory requirements after living in the United States proper for somewhat less than nine years.

In the instant case Wong Gan Chee, as disclosed by the evidence, completed his five years of residence in the United States, after attaining the age of sixteen, during the first several months of his temporary visit to China which was undertaken for purposes of visiting his mother in his native village. The fact of his physical detention caused by World War II, does not alter his residence status during the crucial five year period.

In accordance with the record established by petitioner, the Court finds that Wong Gan Chee was a resident of the United States for more than ten years and that at least five of these years occurred after he had attained the age of sixteen years. Thus plaintiffs are entitled to enter the United States as Nationals under Section 503 of the Nationality Act of 1940.

Judgment shall be entered in favor of plaintiffs upon preparation of Findings of Fact and Conclusions of Law consistent with this memorandum opinion and order.