## TOY TEUNG KWONG v. ACHESON, Secretary of State.

### No. 29377.

United States District Court,
N. D. California, S. D.

May 24, 1951.

Jackson & Hertogs, San Francisco, Cal., for plaintiff.

Frank J. Hennessy, U. S. Atty., Edgar R. Bonsall, Asst. U. S. Atty., San Francisco, Cal., for defendant.

MURPHY, District Judge.

Plaintiff Toy Gon Sam through his father and guardian ad litem, Toy Teung Kwong, filed on July 7, 1950, a petition for Declaratory Judgment pursuant to Section 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903. The action was abated as to the plaintiff Toy Hoy Sam, deceased.

Toy Teung Kwong was born in China on November 17, 1923. He is admittedly a

citizen of the United States as of January 29, 1938.

On December 2, 1946, he departed from San Francisco, California for China at his father's request, to visit his ailing mother. He returned to the United States through the port of San Francisco, California, on September 17, 1949.

While in China he married Li Siu Kiu on November 11, 1947. The latter has been admitted to the United States for permanent residence as his lawful wife. Two children were born to this union, one now deceased, as heretofore indicated.

A variety of reasons, among them illness, and the Pacific Coast Maritime strike, prevented Kwong's return to Stockton, California, where he had lived prior to making the visit to China, and where he had engaged in the laundry business and maintained a bank account.

Section 201(g) of the Nationality Act of 1940, 8 U.S.C.A. § 601(g), reads in part as follows: "A person born outside of the United States * * * of parents one of whom is a citizen of the United States who, prior to the birth of such person, has had ten years' residence in the United States * * * five of which were after attaining the age of sixteen years, the other being an alien * * *."

Section 104 of the same Act, 8 U.S.C.A. § 504, reads: "For the purposes of section 201 * * * of this Act, the place of general abode shall be deemed place of residence."

It is urged by the defendant that the Immigration Act contemplates actual physical presence and that the "animus revertendi" or intention to return does not control.

In support of this contention we are directed to the case of Savorgnan v. U. S., 338 U.S. 491, 70 S.Ct. 292, 94 L.Ed. 287, decided in 1950.

Examination of that case reveals circumstances in sharp contrast to those in the instant matter.

The petitioner in the Savorgnan case (supra) born in Wisconsin of native born parents applied for Italian citizenship with the aid of her intended husband who had advised her that she would have to become an Italian citizen before he could obtain the required royal consent to their marriage.

Consequently, at the Italian Consulate in Chicago she signed an instrument containing an oath, in Italian, expressly renouncing her American citizenship, and swore allegiance to the King of Italy.

The District Court found as a fact that although she intended to obtain Italian citizenship she had not intended to endanger her American citizenship or to renounce her allegiance to the United States.

Following her marriage, when Italian diplomatic officials, of whom her husband was one, were returned to their homeland in 1941, the couple embarked for Italy remaining there with the exception of six months spent in Germany until her return on an Italian diplomatic passport in November, 1945.

Thereafter she requested the Commissioner of the Immigration and Naturalization Service to correct the records of his office to show that she was an American citizen at the time of her return to America. The request was denied.

This recitation of the pertinent facts suffices to demonstrate the complete inapplicability of the above quoted case to the one before the court.

Section 104; defining the place of general abode as the place of residence, applies not only to Section 403, but also to Section 201, 8 U.S.C.A. §§ 803, 601. Therefore, it follows, that the Supreme Court's interpretation of "general abode" must be applied consistently in the two sections. At page 299 of 70 S.Ct. of the opinion the court points out that " * * * the new Act used the term 'residence' as plainly as possible to denote an *objective fact.*" (Emphasis added). Intent is ruled out as a factor. Near the bottom of page 299 of 70 S.Ct. of the quoted report, "place of *general* abode" is defined as synonymous with "the *principal* dwelling place of a person." (Emphasis added). Implicit in the word "principal" is a recognition of factual

gradations ranging between a transient "one night stand" and a situation such as existed in the cited case (where the petitioner actually had no other residence, had severed all ties, and had settled down with her husband in Italy). "Principal" admits of multiple stopping-places, just as "general abode" admits of other specific habitation not so qualified.

The test of actually residing or residence abroad is given at page 300 of 70 S.Ct. of the opinion: "The test * * * is whether, at any time during that period, she did, in fact, have a 'principal dwelling place' or 'place of general abode' abroad." Thus, it is a question of fact in each instance as to *which* is the "principal dwelling place". The court's use of "actual residence" must be viewed from that perspective rather than that contended for by the government in the immediate case. "Actual residence" is not synonymous with physical presence, nor does the court hold that a sojourn abroad of any duration, however transient, or whatever the purpose forfeits domestic residence. The issue of fact still remains. See also Acheson v. Yee King Gee, 9 Cir., 184 F.2d 382; Wong Gan Chee v. Acheson, D.C., 95 F.Supp. 816.

It is the considered opinion of this court that Toy Teung Kwong had his principal place of residence in the United States. His visit to China was merely for the purpose of attending his mother in her illness. He did not establish his general abode there. The mere fact of his detention due to a concatenation of unavoidable circumstances does not alter his residence status during the crucial five year period.

In accordance with the record established by petitioner, the court finds that Toy Teung Kwong was a resident of the United States for more than ten years and that at least five of these years occurred after he had attained the age of sixteen years. Thus plaintiff is entitled to enter the United States as a National under Section 503 of the Nationality Act of 1940.

Judgment shall be entered in favor of plaintiff upon preparation of Findings of Fact and Conclusions of Law consistent with this memorandum opinion and order.