**LEE YOU v. ACHESON, Secretary of State.**
**Civ. No. 6580.**

United States District Court
S. D. Texas, Houston Division.
Dec. 30, 1952.

---

Lawrence Arnim, Houston, Tex., for plaintiffs.

Brian S. Odem, U. S. Atty., and Wm. H. Scott, Jr., Asst. U. S. Atty., Houston, Tex., for defendant.

HANNAY, District Judge.

Claiming to be the true and lawful blood children of Lee You, a citizen of the United States of America, the minor plaintiffs sue through him as their Guardian ad Litem for a Declaratory Judgment under Section 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903. They assert that they are entitled to be declared nationals of the United States under the provisions of this Act, the pertinent provision of which is as follows:

"(g) A person born outside the United States and its outlying possessions of parents one of whom is a citizen of the United States who, prior to the birth of such person, has had ten years' residence in the United States or one of its outlying possessions, at least five of which were after attaining the age of sixteen years, the other being an alien: * * * ". 8 U.S.C.A. § 601 (g).

## Findings of Fact.

Lee You, the father of the minor plaintiffs, came to the United States on January 14, 1931. He was admitted as a citizen, being the son of a native, and was issued a certificate of United States citizenship on such date, for permanent residence in this country. He resided in Blytheville, Arkansas, until May 9, 1940, when he left this country, after first having converted all of the property he owned into money. He proceeded to Hong Kong, a British Crown possession located adjacent to the Kwantung Province of Southern China, where the minor plaintiffs are now. He contends that his trip to Hong Kong was for business purposes and that he expected to be there only temporarily, and that he never had any intention of abandoning his residence in the United States.

Lee You was legally married on June 6, 1940, in Hong Kong, to Lum Fung Ngor. Thereafter, plaintiff Lee Yee Kwie was born in Hong Kong on March 10, 1941. Plaintiff Lee Kung Sing was born in Har Lo Village in Kwantung Province, China, on August 1, 1942, and the plaintiff Lee Kung Chu was born in the same village on May 24, 1945.

Soon after Lee You's marriage, the Japanese Armed Forces invaded Hong Kong. He then proceeded with his family to Macao, a neutral Portugese possession, after which he moved his family into Japanese occupied China to the Har Lo Village, Sun Wei District of Kwantung Province, where he resided until his return to the United States in 1946. Upon his return to the United States he duly reported to the Immigration and Naturalization Service his marriage in China and the birth there of the three children named above.

I find that prior to his successful re-entry to this country in 1946, Lee You had a number of times attempted to return to the United States but because of the war and other conditions beyond his control, he was not able to do so. I also find that he never abandoned, or intended to abandon, his nationality as an American citizen, nor did he ever renounce same in any way.

### Conclusions of Law.

I conclude as a matter of law that this court has jurisdiction of the subject matter and of the parties here involved. Title 8, Sec. 903, U.S.C.A.

I further conclude that Lee You, prior to the birth of the oldest minor plaintiff, had had 10 years' residence in the United States, within the contemplation of Section 201(g) of the Nationality Act of 1940, and that such residence was never intended by Lee You to be any other place than in the United States, and that same never was. Section 201(g) reads as follows:

"The following shall be nationals and citizens of the United States at birth; * * *

"(g) A person born outside the United States * * * of parents one of whom is a citizen of the United States who, prior to the birth of such person has had *ten years'* residence in the United States * * *, at least five of which were after attaining the age of sixteen years, the other being an alien: * * *". (Emphasis added.)

In the case of Acheson v. Yee King Gee, 9 Cir., 184 F.2d 382, 384, a similar defense was urged to the Declaration where the father of the plaintiff there had actually been in the United States only eight years and four months prior to the birth of plaintiff, but it had been twelve years since he first began to reside in the United States, after which he made two visits back to China, one visit being for a period of two years. The court there held, and I quote:

"The term 'residence,' as there used, is entitled to a broad and liberal construction. Significantly, it is not qualified by the words 'actual' or 'continuous.' It implies no requirement of *physical presence*. Moreover, § 104 of the Act [8 U.S.C.A. § 104] provides that for the purpose of certain designated sections, including 201, 'the place of general abode shall be deemed the place of residence.' The court found on persuasive evidence that the father's two visits to China were for the purpose of visiting his relatives and for no other reason; that he had no intention of abandoning his residence in the United States, and that in fact he had resided here since his arrival in August 1929, hence had been a resident of this country for nearly 12 years prior to the date of appellee's birth." (Emphasis added.)

To the same effect is the case of Wong Gan Chee v. Acheson, Secretary of State, D.C., 95 F.Supp. 816.

In discussing a case strongly urged by the government in Toy Teung Kwong, v. Acheson, D.C., 97 F.Supp. 745, 747, the court said:

"The test of *actually residing* or residence abroad is given at page 300 of 70 S.Ct. of the opinion [Savorgnan v. U. S., 338 U.S. 491, at page 506, 94 L. Ed. 287]: 'The test * * * is whether, at any time during that period, she did, in fact, have a "principal dwelling place" or "place of general abode" abroad.' Thus, *it is a question of fact* in each instance as to which is the 'principal dwelling place'. The court's use of 'actual residence' must be viewed from that perspective rather than that contended for by the government in the immediate case. 'Actual residence' is not synonymous with physical presence, nor does the court hold that a sojourn abroad of any duration, however transient, or whatever the purpose forfeits domestic residence. The issue of fact still remains. See also Acheson v. Yee King Gee, 9 Cir., 184 F.2d 382; Wong Gan Chee v. Acheson, D.C., 95 F.Supp. 816." (Emphasis added.)

In view of the above, I hold that the minor plaintiffs herein are entitled to be, and they are hereby, given a judgment declaring them, and each of them, to be nationals of the United States.