Peter GRAUERT and Hans Herbert Grauert, Minor, represented by their father, Dr. Hans Grauert, as next of kin and Natural Guardian, Plaintiffs,

v.

John Foster DULLES, Secretary of State, Defendant.

Civ. A. No. 89–53.

United States District Court District of Columbia.

Aug. 22, 1955.

838

George Eric Rosden, Washington, D. C., for plaintiffs.

Leo A. Rover, U. S. Atty., Oliver Gasch, Frank H. Strickler, Catherine B. Kelly, Asst. U. S. Attys., for defendant.

HARRISON, District Judge.

Plaintiffs, through their father, Dr. Hans Grauert, seek a declaration by the court under the Declaratory Judgment Act, 28 U.S.C.A. § 2201, that they are citizens of the United States by birth by virtue of § 201(g) of the Nationality Act of 1940 (formerly 8 U.S.C.A. § 601).[1]

Mrs. Leila Bernstorf Grauert, the mother of the plaintiffs, a United States citizen, was born in New York on January 21, 1917, and lived in the United States until June 1937. In July of that year she was married to Dr. Grauert in Hamburg, Germany.

The couple intended to return to the United States, but their return was delayed by the necessity of attending the estate of Dr. Grauert senior; then Dr. Grauert could no longer obtain the required German exit permit; and finally the war broke out. Mrs. Grauert made visits to her parents in New York in 1938 and 1939.

The plaintiffs were born in 1941 and 1942 respectively at Frankfurt, Germany and were refused birth certificates by the American Consul of that district. They are now naturalized citizens through the naturalization of their father.

The issues presented are two: first, does the court have jurisdiction under the Declaratory Judgment Act, 28 U.S. C.A. § 2201; and secondly, if there is jurisdiction is the requirement under § 201(g) of the Nationality Act of 1940 that there be five years residence in the United States of the citizen parent after the age of sixteen satisfied.

This type of complaint does not have to be brought under § 503 of the Nationality Code of 1940 [§ 360(a) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1503], but it may be instituted under the Declaratory Judgment Act, 28 U.S.C.A. § 2201. Tom Mung Ngow v. Dulles, D.C.1954, 122 F. Supp. 709. It should be dismissed, however, because it does not present a controversy within the meaning of the Act, 28 U.S.C.A. § 2201.

The Declaratory Judgment Act created a new procedural remedy but it did not broaden the courts' jurisdiction nor alter the concept of justiciability. Alabama State Federation of Labor v. McAdory, 1945, 325 U.S. 450, 65 S.Ct. 1384, 89 L.Ed. 1725. The declaratory action must present a "case or controversy" within the meaning of the Constitution. Aetna Life Insurance Co. of Hartford, Conn., v. Haworth, 1937, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617.

Although the requirements of justiciability in an action for declaratory relief have not been clearly articulated, an issue will usually be deemed justiciable if a coercive cause of action has already accrued to one of the parties with regard to that issue, or if it is relatively certain that coercive litigation will eventually ensue between the same parties if a declaration is refused. [62 Harv.L.Rev. 787 (1949) Developments in the Law: Declaratory Judgments 1941–1949]. Cases cited by plaintiffs are illustrative of this. See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 1937, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617; Akron, C. & Y. R. Co. v. Barnes, 7 Cir., 1954, 215 F.2d 423; Delaney v. Carter Oil Co., 10 Cir., 1949, 174 F.2d 314; Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 1937, 92 F.2d 321; Edelmann v. Triple-A Specialty Co., 7 Cir., 1937, 88 F.2d 852; Sunshine Mining Co. v. Carver, D.C.1941, 41 F.Supp. 60.

1. Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1401.

 In the case at bar plaintiffs *may* be harmed *if* they do certain things. Not only is damage to them contingent, but there is no recital of intent to do the acts bringing them within the area of harm. Hypothetical damage is not enough. Courts do not adjudge except when definite rights appear on one side and definite prejudicial interferences upon the other. United Public Workers v. Mitchell, 1945, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754.

 Since this court does not have jurisdiction over the subject matter, there is no need to discuss the merits. However, had there been a justiciable controversy, this court would have held that the five year residence requirement had not been met.

The Supreme Court in Savorgnan v. United States, 1950, 338 U.S. 491, 70 S. Ct. 292, 299, 94 L.Ed. 287, defined the term "residence" as used in § 403(a) of the Nationality Act, 8 U.S.C.A. § 803 (a),[2] as follows:

> "The new Act used the term 'residence' as plainly as possible to denote an objective fact. * * * it required only that it be the 'place of general abode'".

 Although subsequent cases have deviated from this definition, see, Acheson v. Yee King Gee, 9 Cir., 1950, 184 F.2d 382; Lee You v. Acheson, D.C. 1952, 109 F.Supp. 98; Toy Teung Kwong v. Acheson, D.C.1951, 97 F.Supp. 745, the definition of residence under § 104 of the Nationality Code of 1940 applies to all the sections in which residence is used, i. e. § 201[3] as well as § 403. Since the Supreme Court has defined this literally, consistent with § 104, this court is duty bound to follow that ruling. The term "residence" was defined under a particular section that was to have uniform application. To interpret five years to mean something less than five years would be judicial legislation contra to that approved by the Supreme Court. Furthermore, it is difficult for me to liberally construe five years to mean anything less than five years.

Hence, had this case been decided on the merits, this court would have been forced to hold that the parties had not satisfied the statutory requirements, and they were not entitled to citizenship by birth.

Counsel for defendant is directed to submit forthwith proposed findings and judgment in accordance with the views herein expressed.

---

2. Immigration and Nationality Act 1952, 8 U.S.C.A. § 1482.

3. Immigration and Nationality Act 1952, 8 U.S.C.A. § 1101(a) (33).