Peter **GRAUERT** and Hans Herbert Grauert, Minors, represented by their father Dr. Hans Grauert, as next of kin and natural guardian, Appellants,

v.

John Foster **DULLES**, Secretary of State, Appellee.

No. 13138.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 28, 1956.

Decided Nov. 9, 1956.

Writ of Certiorari Denied March 25, 1957. See 77 S.Ct. 666.

---

Mr. George Eric Rosden, Washington, D. C., for appellant.

Mr. John W. Kern, III, Asst. U. S. Atty., with whom Mr. Oliver Gasch, U. S. Atty., and Mr. Lewis Carroll and Miss Catherine B. Kelly, Asst. U. S. Attys., were on the brief, for appellee.

Before EDGERTON, Chief Judge, and DANAHER and BASTIAN, Circuit Judges.

EDGERTON, Chief Judge.

Appellants asked the District Court to declare them to be citizens of the United States by birth. Appellee says they are citizens by naturalization.

We do not reach the merits. We think the court was right in dismissing the complaint for lack of jurisdiction. Grauert v. Dulles, D.C., 133 F.Supp. 836. The federal Declaratory Judgments Act [28 U.S.C.A. §§ 2201, 2202] "omits status and limits the declaration to cases of actual controversy" the decision of which will serve "some useful purpose". Public Service Commission v. Wycoff Co., 344 U.S. 237, 242, 244, 73 S.Ct. 236, 239, 97 L.Ed. 291. In McGrath v. Kristensen, 340 U.S. 162, 71 S.Ct. 224, 95 L.Ed. 173, and Perkins v. Elg, 307 U.S. 325, 59 S.Ct. 884, 83 L.Ed. 1320, the plaintiff who claimed citizenship was threatened with deportation. In Savorgnan v. United States, 338 U.S. 491, 70 S.Ct. 292, 94 L.Ed. 287, the plaintiff who claimed citizenship had applied for and had been refused an American passport. See Savorgnan v. United States, D.C., 73 F. Supp. 109, 111. The complaint in the present case shows nothing of the sort. It shows that the plaintiffs do not "want to risk the consequences of the differentiation between naturalized citizens and citizens by birth in the face of the existing negative determination by defendant." No such consequences appear to have arisen, other than appellee's refusal to give the plaintiffs certain birth certificates that might become useful, in the indefinite future, in circumstances that may never arise. Accordingly judicial consideration and determination, at this time, of the disputed question whether the plaintiffs are citizens by birth or by naturalization, would serve no "useful purpose".

Affirmed.