GAN SEOW TUNG v. CARUSI et al.
Civ. No. 6528.

United States District Court
S. D. California, Central Division.
May 20, 1947.

See also, D.C., 83 F.Supp. 482.

Benjamin W. Henderson, of Los Angeles, Cal., for plaintiff.

James M. Carter, U. S. Atty., by Clarke E. Stephens, Asst. U. S. Atty., both of Los Angeles, Cal., for defendants.

HALL, District Judge.

The defendant's motion to dismiss on the ground that Section 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903, is not available to plaintiff, is not well taken. The statute is a special statute, and is plain and clear in its terms. It can be given effect without an implied repeal of the exclusion acts or the Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202, or any other statutes called to my attention in the brief of the Government. While it may give the courts greater latitude of review than a Writ of Habeas Corpus, it provides no more of a dual system than already exists in the right to Habeas Corpus. It is a special act to provide a special remedy for a limited class of persons who "claim a right or privilege as a national * * * is denied * * * upon the ground" such person is not a national. It permits suit to be brought in the district where such person "claims" a permanent residence. The complaint meets these requirements and in addition alleges actual residence in the district. The only facts before me are those in the complaint. To construe the statute as contended for by the Government would be to make the right to sue outside of the District of Columbia a practical nullity, and by a process of over-refined construction of a statute which is plain in language and meaning, deny the right, which is the core of the section, to relief in the district—not of actual residence—but of claimed residence. The debate between two congressmen on the floor of the house at the time of the adoption of the Nationality Code—a very comprehensive statutory scheme—concerning the meaning of Section 503 thereof, is not the measure of the content of the Section, and to so hold would open the door to almost any meaning of any statute by statements made other than in an adversary proceeding by parties who have rights at stake.

The motion to dismiss on the ground that the Attorney General is not joined as a party is well taken. Section 100, Title 8 U.S.C.A., creates the Immigration and Naturalization Service "in" the Department of Justice. By Section 101, the Commissioner is made an officer "in" the Department of Justice, and by the same Section he "shall perform all his duties under the direction of the Attorney General." By Section 102, the Commissioner "shall have charge of the administration of all laws relating to * * * immigration," etc., "under the direction of the Attorney General." Other sections contain similar provisions, but the quoted portions are enough to demonstrate that the "Head of the Department" involved in the present proceeding means the "Head of the Department of Justice" which is the Attorney General. And, the word "agency" in the statute obviously means an agency not "in" any department, of which there seems to be many.

The motion to dismiss on the ground the Attorney General has not been made a party is granted with ten (10) days to amend. The restraining order to remain in force till further order of the Court. No indication is intended as to whether the previous defendants should or should not be continued as defendants.