**REPETTO v. ACHESON, Secretary of State.**
**No. 28637–H.**

United States District Court
N. D. California, S. D.

Nov. 15, 1950.

624

Walter F. Calcagno, San Francisco, Cal., for plaintiff.

Frank J. Hennessy, U. S. Atty., San Francisco, Cal., for defendant.

LEMMON, District Judge.

This action having come on for trial before the Court without a jury, and having been heard upon the evidence, the Court finds as follows:

## Findings of Fact

### I

Plaintiff was born in San Francisco, California, on December 3, 1914, of an American-born mother and an Italian father, who became a naturalized citizen of the United States subsequent to plaintiff's birth; by virtue of her birth in the United States plaintiff was born a citizen of the United States.

### II

Plaintiff's permanent residence is San Francisco, California, within this judicial district and she claims said residence as her permanent residence. At all times since her birth plaintiff has been and now is a national and a citizen of the United States of America with all of the rights, privileges and immunities of such citizenship.

### III

The defendant, Dean G. Acheson, is the Secretary of State of the United States.

### IV

In June, 1920, the plaintiff, while under the age of six (6) years, left San Francisco, California, for Italy, accompanied by, and in the custody of, her father.

### V

Plaintiff attempted to return to the United States for permanent residence in 1937, 1941 and 1946, but was unable to do so. Plaintiff applied to the American Consul at Naples, Italy, in 1937 for passage to the United States as an American citizen, and plaintiff was informed that due to the political unrest and Italy's pre-war program

and status, she would not be allowed to return to the United States. Plaintiff made a similar application in 1941 to the American Consul at Genoa, Italy, and no travel document was issued to her.

## VI

A state of war existed in Italy from 1941 to the early part of 1946, and during this period all the American Consulates in Italy had been removed.

## VII

Plaintiff was prevented from making any application for an American passport from 1941 until 1946 because of the war restrictions, and the absence of American Consuls in Italy during the said period. That immediately after cessation of hostilities and the resumption of immigration privileges between the United States and Italy, plaintiff applied again in 1946 to the American Consul at Genoa for a passport to return to the United States as an American citizen. The matter of her passport was referred to the Department of State, United States, by the American Consulate General in Genoa with a recommendation that the travel document be issued to her as an American citizen.

## VIII

The Department of State, United States, disapproved the application, stating that the plaintiff was expatriated under section 401 (a) of the Nationality Act of 1940, 8 U.S. C.A. § 801(a), by her failure to return to the United States prior to January 13, 1943, i. e., within two years after the effective date of the Nationality Act of 1940.

## IX

On October 30, 1947 the American Consul at Genoa issued a "Certificate of the Loss of the Nationality of the United States" with respect to the plaintiff and said certificate constitutes a denial to the plaintiff of a right as a citizen of the United States.

## X

Plaintiff was ready, willing and able to come to the United States as soon as she could have received her American passport.

## XI

Plaintiff has not voted in any of the Italian elections. She has committed no voluntary act of disloyalty to the United States, nor has she committed any act indicating loyalty to Italy. Plaintiff has never renounced her United States citizenship, and she has never accepted Italian citizenship. Plaintiff has at all times been loyal to the United States.

## XII

Plaintiff has not been naturalized as an Italian citizen, either upon her own application, or through the application of or naturalization of her father.

### Conclusions of Law

From the foregoing facts shown by the pleadings or embraced within the stipulations or agreements of the respective parties, either in writing or in open court, and upon the evidence adduced before the Court, the Court concludes as a matter of law:

## I

■ The Court has jurisdiction to hear and determine the within cause under provisions of Section 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903.

## II

Plaintiff's departure to the United States was prevented through no fault of her own, to wit, state of war existing in Italy from 1941 to the early part of 1946, and removal of all American Consulates from Italy during the said period, and refusal by the American Consulate Generals in Naples and Genoa in 1937, 1941 and 1946 to provide plaintiff with an American travel document to return to the United States as an American citizen.

## III

■ Plaintiff is entitled to have her purported expatriation cancelled and further entitled to be restored to her full rights of citizenship and to be adjudged a citizen of the United States.

## IV

The plaintiff has been continuously at all times since birth, and is now, a national and a citizen of the United States lawfully entitled to all of the rights, privileges and immunities of such citizenship.

## V

Judgment is hereby ordered to be entered cancelling the purported expatriation of the plaintiff and adjudging that the plaintiff be restored to her full rights of citizenship and to be adjudged a citizen of the United States.