**LEE BANG HONG et al. v. ACHESON, Secretary of State.**

**Civ. 1052.**

United States District Court D. Hawaii.

Nov. 29, 1951.

Sau Ung Loo Chan, Honolulu, Hawaii, for plaintiff.

H. K. Hoddick, Acting U. S. Atty., and W. C. Ingman, Asst. U. S. Atty., Honolulu, Hawaii, for defendant.

METZGER, District Judge.

## Findings of Fact

1. The Plaintiff was born in San Chin Village, Chungshan, Kwangtung, China on July 13, 1934. He is the blood son of Lee Chin Fat, a United States citizen, who was born in Honolulu, Territory of Hawaii. Lee Bang Hong is a United States citizen by birth by virtue of the fact that he is the son of a United States citizen, to wit: Lee Chin Fat.

2. The defendant, Dean Acheson, is the duly appointed and acting Secretary of State of the United States.

3. The plaintiff is a minor son of a legal and permanent resident of the Territory of Hawaii and within this judicial district; and he claims said Territory of Hawaii as his permanent residence.

4. In 1941, for the purpose of establishing his son's United States citizenship to enable him to enter and reside in the United States, Lee Chin Fat executed an affidavit identifying Lee Bang Hong as his son; due to the imminence of World War II, Lee Bang Hong was unable to obtain passage to travel to the United States, because the American President Lines, at that time, gave preference to returning United States citizens.

5. After the termination of World War II, in 1948, Lee Chin Fat traveled to China to help establish his son's U. S. citizenship. However, due to the congested calendar in the American Consulate at both Canton and Hong Kong, he failed in his mission.

6. In 1950, before Lee Bang Hong had reached his 16th birthday, Lee Chin Fat filed an affidavit on behalf of plaintiff, requesting the American Consulate General at Hong Kong to issue to him a United States passport or equivalent document to enable him to come to Honolulu aforesaid. But, due to an oversight of the American Consulate General at Hong Kong, Lee Bang

Hong's application was not processed before he attained the age of 16 years.

The American Consulate General at Hong Kong refused to issue to plaintiff a United States passport or equivalent document upon the ground that he could not take up residence in the United States on or before his sixteenth birthday. As a result of said denial by said American Consulate General, plaintiff was not able to enter and reside in the United States before his sixteenth birthday and such denial is a denial of his rights and privileges as a United States citizen.

7. Lee Bang Hong had exercised due diligence in attempting to take up residence in the United States before his sixteenth birthday as required by Section 601, subsections (g) and (h) of 8 U.S.C.A. Due to the failure or negligence of the American Consulate at Hong Kong to process his application, he was prevented from taking up residence in the United States before his sixteenth birthday.

8. Because Lee Bang Hong's failure to take up residence in the United States before his 16th birthday was not due to his own lack of diligence but to the oversight of the American Consulate General at Hong Kong, he was not divested of his United States citizenship by said failure to comply with the residence requirement. He is, therefore, still a United States citizen.

Conclusions of Law.

As conclusions of law from the foregoing findings of fact the court concludes:

I

This court has jurisdiction to hear and determine the within cause under the provisions of Section 503 of the Nationality Act, 8 U.S.C.A. § 903.

II

Plaintiff's failure to take up residence in the United States on or before his 16th birthday was not the result of his inaction but was caused by the failure of the American Consulate General at Hong Kong to process his application for a United States passport or equivalent document to enable him to take up residence in the United States on or before his 16th birthday.

III

Plaintiff's failure to take up residence in the United States on or before his 16th birthday did not divest him of the United States citizenship which he acquired at birth.

IV

The plaintiff has been continuously at all times since birth, and is now, a national and a citizen of the United States lawfully entitled to all of the rights, privileges and immunities of such citizenship.

V

Let judgment in favor of the plaintiff herein be entered accordingly.