**LEE HONG v. ACHESON, Secretary of State et al.**

No. 30651.

United States District Court
N. D. California, S. D.
Jan. 22, 1953.

Jackson & Hertogs, San Francisco, Cal., for plaintiff.

Chauncey Tramutolo, U. S. Atty., San Francisco, Cal., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for defendants.

OLIVER J. CARTER, District Judge.

Plaintiff has brought an action [1] under the provisions of 8 U.S.C.A. § 903,[2] seeking a judicial declaration that he is a citizen or a national of the United States.[3] The original complaint named the Secretary of State as defendant upon the theory that such officer was the head of the department of the United States government which was denying plaintiff a right of a national of the United States. The controversy was then submitted to the Court for decision upon an agreed statement of facts.

Subsequently the Court granted plaintiff's motion to file a supplemental complaint, joining the Attorney General of the United States as a defendant upon the theory that the department of which such officer is the head had denied to plaintiff a right of a national of the United States. That theory is set forth in factual allegations of the supplemental complaint.

Since the government's answer to the supplemental complaint admits all the allegations thereof, the facts remain uncontested. They are as follows:

Plaintiff Lee Soon was born in China on June 25, 1935. He is the blood son of Lee Hong a United States citizen who has resided continuously in the United States since the time of his first admission on October 10, 1922, except for three trips to China.[4] Plaintiff was conceived and born during the course of one of his father's visits to China. Plaintiff acquired United States citizenship at the time of his birth pursuant to the provisions of Section 1993, Revised Statutes of the United States, as amended by the Act of May 24, 1934.

On January 17, 1951, an application was filed with the American Consulate General at Hong Kong for documentation which would allow plaintiff to proceed to the United States. At 1:00 p.m. on June 23, 1951 the Consulate General issued to plaintiff such documentation, to wit: "a travel affidavit." Within four hours after the

1. The action is brought through Lee Hong, the father and duly appointed guardian ad litem of plaintiff.

2. Section 903 of Title 8, United States Code Annotated provides in part:
"If any person who claims a right or privilege as a national of the United States is denied such right or privilege by any Department or agency, or executive official thereof, upon the ground that he is not a national of the United States, such person, regardless of whether he is within the United States or abroad, may institute an action against the head of such Department or agency in the District Court of the United States for the District of Columbia or in the district court of the United States for the district in which such person claims a permanent residence for a judgment declaring him to be a national of the United States. * * *"

3. Section 501(b) of Title 8, United States Code Annotated provides:
"The term 'national of the United States' means (1) a citizen of the United States, or (2) a person who, though not a citizen of the United States, owes permanent allegiance to the United States. It does not include an alien."

4. The trips occurred on the following dates:
Departed—October 15, 1927
Returned—May 15, 1929
Departed—January 13, 1933
Returned—May 6, 1936
Departed—May 16, 1947
Returned—August 26, 1949

issuance of that document plaintiff boarded an aircraft and departed from Hong Kong, enroute to the United States. The aircraft in which plaintiff was traveling sustained a mechanical failure and for that reason was delayed in Tokyo, Japan, for approximately twenty-two hours. Because of this delay plaintiff did not arrive in Honolulu, T. H., until June 25, 1951, his sixteenth birthday. Plaintiff proceeded on to San Francisco, California, where he was detained for examination by a Board of Special Inquiry of the Immigration and Naturalization Service. The Board of Special Inquiry concluded that plaintiff lost his American citizenship by failure to take up permanent residence in the United States prior to attaining the age of sixteen. That Board further concluded, and it is here stipulated, that plaintiff acted diligently in his efforts to reach the United States before he reached the age of sixteen, and that he would have in fact arrived prior to that time but for factors beyond his control.

From the facts it appears that the present denial to plaintiff of a right of a national of the United States is being made by the Immigration and Naturalization Service, rather than by the Department of State. The State Department did in fact provide plaintiff with documentation in order to allow him to come to the United States. Late though the documentation was, it still preceded plaintiff's sixteenth birthday by sufficient time to allow him to reach the United States before that date by established airline schedules. It is the Immigration and Naturalization Service, rather than the State Department, which has refused to recognize plaintiff as a citizen.

 In an action brought under 8 U.S.C.A. § 903, it must appear from the complaint, as a jurisdictional prerequisite, that the alleged national was denied a right or privilege as a national by some depart-ment or agency of the United States, or by an executive official thereof, on the ground that he is not a national. Lee Hung v. Acheson, D.C.Nev., 103 F.Supp. 35, 38. Where such a right is denied by officials of the Immigration and Naturalization Service, the proper defendant is the Attorney General of the United States. U. S. ex rel. Medeiros v. Clark, D.C.S.D.N.Y., 82 F. Supp. 412, 416. See also Gan Seow Tung v. Carusi, D.C.S.D.Cal., 83 F.Supp. 480, 481. Therefore, since the supplemental complaint has added the Attorney General as a defendant, the jurisdiction of the Court is now properly invoked.

 It is conceded that plaintiff acquired the status of a "citizen of the United States" at birth.[5] One who becomes a citizen of the United States by reason of birth retains it, even though by the law of another country he is also a citizen of it. Tomoya Kawakita v. United States, 343 U.S. 717, 734, 72 S.Ct. 950. American citizenship thus acquired can be lost only through voluntary action, or through the operation of a treaty or of an act of Congress. Perkins v. Elg, 307 U.S. 325, 329, 59 S.Ct. 884, 83 L.Ed. 1320.

The government contends that plaintiff lost his citizenship by an act of Congress, to wit: Section 201 of the Nationality Act of 1940, 8 U.S.C.A. § 601. That section provides:

"The following shall be nationals and citizens of the United States at birth:

\* \* \* \* \* \*

"(g) A person born outside the United States \* \* \* of parents one of whom is a citizen of the United States who, prior to the birth of such person, has had ten years' residence in the United States \* \* \*, at least five of which were after attaining the age of sixteen years, the other being an alien: \* \* \* *Provided further,*

---

5. This concession of status, arising from the stipulation of the parties to the fact that plaintiff is the blood son of a citizen of the United States, eliminates from this case the problem of establishing the identity of a party bringing an action under 8 U.S.C.A. § 903, and distinguishes plaintiff's position from that of the complaining parties discussed in the recent opinion of Judge Goodman of this Court, filed January 12, 1953, in the cases of Ly Shew v. Acheson, and Ly Shew v. Acheson, D.C., N.D.Calif., 110 F.Supp. 50.

That, if the child has not taken up a residence in the United States or its outlying possessions by the time he reaches the age of sixteen years * * * his American citizenship shall thereupon cease.

\* \* \* \* \* \*

"(h) The foregoing provisions of subsection (g) concerning retention of citizenship shall apply to a child born abroad subsequent to May 24, 1934."

Subdivision (g), in effect, confers a citizenship which is subject to defeasance. A right acquired at birth is extinguished by the occurrence of a condition subsequent— i. e., failure of the owner of such right to take up a residence in the United States or its outlying possessions by the time he reaches the age of sixteen years.

 The government contends for a literal construction of section 201(g), 8 U.S.C.A. § 601(g). This would place upon citizens deriving such status through that section the burden of running a race with the clock, with the starting gun for that race being fired by officials of the United States government. The language of section 201(g), 8 U.S.C.A. § 601(g), is not sufficiently definite to allow its application as a stop watch. Rights of citizenship are not to be destroyed by an ambiguity, Perkins v. Elg, supra, 307 U.S. 337, 59 S.Ct. 884, nor should such rights, once conferred, be taken away without the clearest sort of justification and proof. Schneiderman v. United States, 320 U.S. 118, 122, 63 S.Ct. 1333, 87 L.Ed. 1796. Furthermore, a restrictive proviso attached to a statute which provides for the acquisition of American citizenship by derivation should be construed in a manner consistent with and ancillary to the paramount purpose of Congress to confer citizenship. Acheson v. Albert, 90 U.S.App.D.C. 294, 195 F.2d 573.

Here plaintiff applied to the American Consulate General in Hong Kong for travel documents more than five months prior to his sixteenth birthday. The law forbade plaintiff to enter the United States unless he possessed such documents.[6] The documents were issued only 37 hours prior to the beginning of the day on which plaintiff would attain the age of sixteen. Denial of sufficient time within which to exercise a right is the same as the denial of the right itself.

Even though the Consulate did not issue plaintiff travel documents within a reasonable time to allow him to preserve his rights, he would still have accomplished this result had it not been for the mechanical failure of the aircraft in which he was traveling. This was another circumstance entirely beyond the control of plaintiff.

Section 401(a) of the Nationality Act of 1940 [7] provides for the defeasance of American nationality of a child whose parents have become naturalized in a foreign state unless the child acquires permanent residence in the United States by the time of attaining the age of twenty-three. Yet, that section has been held not to operate so as to extinguish the nationality and citizenship of a person who is diligent in attempting to establish residence in the United States before attaining the specified age but who is prevented from so doing by circumstances over which he has no control. Repetto v. Acheson, D.C. N.D.Cal., 94 F.Supp. 623.

6. Regulations of the Department of State of the United States, issued under the authority of Section 1, 40 Stat. 559, as amended, Sec. 2, 55 Stat. 252, 22 U.S.C.A. §§ 223, 229, provide (32 C.F.R. 53.1):

"No citizen of the United States or person who owes allegiance to the United States shall depart from or enter into or attempt to depart from or enter into the continental United States, the Canal Zone, and all territories, continental or insular, subject to the jurisdiction of the United States, unless he bears a valid passport which has been issued by or under authority of the Secretary of State. * * *"

7. That section was repealed as such, but re-enacted in substance, with the exception that the age at which such persons must have taken up permanent residence in the United States in order to preserve their nationality was extended from twenty-three to twenty-five, by the Act of June 27, 1952, 66 Stat. 267. Such section, as re-enacted, is now Section 1481 of Title 8, United States Code Annotated.

64

A situation analogous to the one now before the Court was involved in the case of Uyeno v. Acheson, D.C.W.D.Wash., 96 F. Supp. 510. There the government contended that plaintiff had lost his nationality by the operation of section 401(a) because he had failed to take up permanent residence in the United States prior to attaining the age of twenty-three. There, also, plaintiff had attempted to come to the United States before the date which would cut off his rights, but he had been prevented from so doing by the refusal of an American Consulate to issue him travel documents. Speaking 96 F.Supp. at page 520, District Judge Yankwich said, "And the Government cannot, in justice, be allowed to claim that, because it has, *successfully thus far,* thwarted his efforts to gain recognition of his citizenship, the statute of limitations has run."

In another connection, section 201(g), 8 U.S.C.A. § 601(g), has not been given a literal construction, but rather a liberal one. It has been held that the word "residence" in that section is entitled to a broad and liberal construction, and that such word implies no requirement of physical presence. Acheson v. Yee King Gee, 9 Cir., 184 F.2d 382, 384. Nor does § 201(g), 8 U.S.C.A. § 601(g), operate so as to cause a person who is prevented from returning to the United States because of factors over which he has no control, to lose his "residence" status already established in this country. See Wong Gan Chee v. Acheson, D.C.N.D.Cal., 95 F.Supp. 816 (detained because of outbreak of World War II); Toy Teung Kwong v. Acheson, D.C.N.D.Cal., 97 F.Supp. 745 (detained because of personal illness and Pacific Coast Maritime strike).

On two previous occasions district courts have been called upon to consider the identical problem here presented. Persons claiming citizenship under the same Congressional enactment as does plaintiff seasonably applied for travel documentation at the Consulate in Hong Kong in order to take up residence in the United States prior to attaining the age of sixteen but were not issued such documents within sufficient time to allow the accomplishment of that purpose. On both occasions it was held that such persons had not lost their citizenship although they had not literally complied with the requirements of section 201 (g), 8 U.S.C.A. § 601(g). Lee Bang Hong v. Acheson, D.C., 110 F.Supp. 48; Hong Yick Ming v. Acheson, D.C.N.D.Cal. Civil No. 29428, Decided October 12, 1951.[8]

 Where a citizen who derives such status from section 201(g) of the Nationality Act of 1940, 8 U.S.C.A. § 601(g), makes a bona fide attempt to take up residence in the United States prior to attaining his sixteenth birthday, takes affirmative steps toward that end, and is prevented from the accomplishment of that purpose by failure of the State Department to issue travel documents within a sufficient time, he has substantially complied with the requirements of the statute. Plaintiff qualifies as one who has made substantial compliance with section 201(g), 8 U.S.C.A. § 601(g). Therefore, he is entitled to be adjudged a citizen of the United States.

Counsel for plaintiff is directed to prepare findings of fact, conclusions of law, and judgment in accordance herewith.

---

8. No opinion for publication.