**LEE YOU FEE, by Lee Q. Pon, his next friend, Plaintiff,**

v.

**John Foster DULLES, as Secretary of State, Defendant.**

Civ. A. No. 5645.

United States District Court
E. D. Wisconsin.

Aug. 3, 1955.

H. William Ihrig, Milwaukee, Wis., for plaintiff.

Edward G. Minor, United States Atty., Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This matter is before the Court on motions of both parties for summary judgment. The action is brought for a declaratory judgment for citizenship under 8 U.S.C.A. § 903, etc.[1] The relief prayed for is: (1) a declaration that the plaintiff is and since birth has been a citizen and national of the United States; (2) directing defendant to issue a certificate of identity to enable plaintiff to obtain transportation to the United States and appear in person to prosecute this action; (3) directing defendant to issue to plaintiff as a citizen a passport or adequate authority to travel to the United States; and (4) redressing the deprivation by defendant of plaintiff's right as a citizen to enter the United States.

The father of the plaintiff was born in the United States but returned to China where he subsequently married. Four children were born of the marriage, the plaintiff being the eldest. Lee You Fee was born on the 16th of July, 1935. The father returned to the United States, and it is alleged that due to war conditions and his financial condition has been unable to return to Hong Kong where the plaintiff now resides. Plaintiff's 16th birthday fell on July 16, 1951. He did not apply for the necessary travel papers to come to the United States until after that date. On December 11, 1951, the plaintiff was formally informed by the American Consulate at Hong Kong that he was no longer a United States citizen and that travel papers would not be issued to him. The basis of that decision was the fact that the plaintiff had not arrived in the United States prior to his 16th birthday as is prescribed by Title 8 U.S.C.A. § 601, which provides:

" * * * That, if the child has not taken up a residence in the United States or its outlying possessions by the time he reaches the age of sixteen years, or if he resides abroad for such a time that it becomes impossible for him to complete the five years' residence in the United States or its outlying possessions before reaching the age of twenty-one years, his American citizenship shall thereupon cease."

Plaintiff claims (1) that the passage of his 16th birthday did not defeat his claim to United States citizenship because of the alleged fact that he was unable to arrive in the United States because of circumstances beyond his control, namely, the Second World War, the unsettled conditions in China and Hong Kong, and the inability of his father to raise sufficient funds for his transportation; (2) that the statute in question was tolled by the Second World War because of the fact that the Consulate at Hong Kong was closed for a period of five years and 24 days; (3) that a foreign-born citizen cannot be involuntarily deprived of his citizenship; (4) that the Immigration Act of 1952, 8 U.S.C.A. § 1401, which designates 23 years of age as the cut-off point for loss of citizenship, applies to the plaintiff's situation; and (5) that a determination by the United States Immigration and Naturalization Service that the plaintiff was a citizen of the United States rendered on October 8, 1951, is *res adjudicata*.

**1.**

Title 8 U.S.C.A. § 601, which is the statute applicable under these facts, is clear on its face. It makes no exceptions in circumstances of hardship, nor does it provide for any kind of administrative adjustment in cases where a foreign-born citizen, such as the plaintiff, is faced with lack of funds or sickness. It seems that if Congress had wished to make any exceptions, it would have included them in the law which it enacted. Any exceptions to this statute were for Congress to enact, not for the Court to "interpret."

1. Now Immigration and Nationality Act, § 360, 8 U.S.C.A. § 1503.

Plaintiff in his brief cited Lee Bang Hong v. Acheson, D.C., 110 F.Supp. 48, and Lee Hong v. Acheson, D.C., 110 F. Supp. 60, as examples of decisions which held that foreign-born citizens did not lose citizenship through their failure to arrive in the United States by their 16th birthdays. Both of these cases involve facts which showed that the minors had made timely application for travel papers and that the only reason they did not reach the United States in time to begin their residence was because of unnecessary delay by consulate officials.

### 2.

█ Plaintiff has been unable to produce authority directly holding that the statute in question should be tolled and the Court has found none. Apparently the issue has never been decided. Plaintiff in his brief cites the Perri v. Dulles, 3 Cir., 206 F.2d 586, and Peduzzi v. Brownell, D.C., 113 F.Supp. 419, cases which held that Section 401(a) of the Nationality Act of 1942 was tolled during the Second World War. Section 401(a) of that Act provided that one who acquired citizenship abroad through a naturalized parent was required to come to the United States within two years or lose his citizenship. In both of these cases the plaintiffs were unable to return to the United States because the Second World War was being waged during most of that period. It should be noted that the Second World War did not directly interfere with Lee You Fee's coming to the United States before he was sixteen years old. The limitation did not occur during a war as it did in the cases just cited.

The Court feels that the conditions imposed upon foreign-born citizens in order to retain their citizenship is a matter within the discretion of Congress. I find no compelling reason why the statute in question should be tolled.

Plaintiff has not provided any persuasive authority on this contention. Cases relied on by the plaintiff are almost wholly under the Expatriation Act, and, thus, clearly not in point under the statute.

Had the plaintiff acquired his nationality by birth within the borders of the United States or were he a naturalized citizen, our determination might be otherwise. Plaintiff acquired his citizenship under an Act of Congress. Congress has full authority to place such limitations on that type of citizenship as it sees fit.

### 4.

█ The Immigration Act of 1952, 8 U.S.C.A. § 1401, states that subsection (b) shall apply to a person born abroad subsequent to May 24, 1934. Section 405(c) of the same Act provides that the Act shall not terminate nationality heretofore lawfully acquired *nor restore nationality heretofore lost under any law of the United States.* Therefore, it seems clear that the Act of 1952 will not avail anything for the plaintiff since under the terms of the Act of 1940 his citizenship had lapsed.

### 5.

█ The determination of the United States Immigration and Naturalization Service that the plaintiff was a citizen of the United States after the passage of his 16th birthday is not *res adjudicata* in this action. In re Wing, D.C., 124 F. Supp. 492, 494, involves these facts: One Thin was originally admitted to the United States as a citizen in 1914. He made several trips back to China, the land of his birth. The fourth time he attempted to enter the United States he was detained for a hearing on alienage. The Court held:

"A prior administrative declaration of citizenship is not res adjudicata on the question of alienage, and if a person seeking entry is found to be an alien he may be excluded even though previously admitted as a citizen."

██ Plaintiff in his complaint raises a number of constitutional questions. Plaintiff claims that if subsections (g) and (h), 8 U.S.C.A. § 601, exclude him from United States citizenship, that to that extent they are unconstitutional. He then proceeds to enumerate four ways

in which the Constitution is allegedly violated. In plaintiff's original brief, he covered the Constitutional issues very sketchily. The Court then asked for supplementary briefs specifically on the consitutional issues raised. Plaintiff again avoided discussion of the particular violations alleged in the complaint. We, therefore, deem that the plaintiff has abandoned his claim of the unconstitutionality of 8 U.S.C.A. § 601(g) and (h).

> "It has been held that where both parties file motions for summary judgment, they concede, for the purpose of determination of their respective motions, that there are no issues of fact. But it has also been said that this does not require the court to determine that no fact issue exists, for it does not necessarily follow that there is no issue of material fact merely because both move for summary judgment. In reaching its determination, the court may accept all allegations well and sufficiently pleaded as true or at their face value." 10 Nichols Cyc.Fed. Procedure, Sec. 35.22.

Plaintiff has alleged many extenuating circumstances as to why he did not take up residence in the United States before his 16th birthday. Lack of proper financing and troubled world conditions were among the difficulties enumerated. It should be pointed out that plaintiff had access to the Hong Kong Consulate from 1946 to 1951, and yet made no effort to obtain travel papers until after his 16th birthday. I have considered the possibility that there might be an issue of fact involved in this case because of the plaintiff's alleged inability to leave Hong Kong for the United States. The facts alleged and taken as true in this case present a factual situation much different from the factual situations in Lee Bang Hong v. Acheson, supra, and Lee Hong v. Acheson, supra. If the plaintiff were to sustain the claim that lack of proper finances was one of the reasons why he did not take up residence in the United States before his 16th birthday, he still would not be entitled to relief as this Court interprets the law. The issue would be concerning an immaterial fact.

Plaintiff's motion for summary judgment is denied. The motion of the defendant for summary judgment is granted. Defendant's counsel will prepare order for judgment, submitting it to plaintiff's counsel for approval as to form only.