**LEE YOU FEE, by Lee Q. Pon, his next friend, Plaintiff-Appellant,**

v.

**John Foster DULLES, as Secretary of State, Defendant-Appellee.**

**No. 11639.**

United States Court of Appeals
Seventh Circuit.

Sept. 26, 1956.

H. William Ihrig, Milwaukee, Wis., for appellant.

Edward G. Minor, U. S. Atty., by William J. Haese, Asst. U. S. Atty., Milwaukee, Wis., for appellee.

Before DUFFY, Chief Judge, and MAJOR and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

The plaintiff, Lee You Fee, by his next friend, Lee Q. Pon, his father, brought this action against the Secretary of State of the United States for a judgment declaring that the plaintiff is now and has been since birth a citizen and national of the United States, and directing the defendant to issue to the plaintiff a certificate of identity and other necessary papers which would constitute authorization to the plaintiff to travel and obtain transportation to the United States to enable plaintiff to present himself at an official port of entry of the United States to apply for entry therein.

The facts in this case are not disputed. Plaintiff was born in China on July 16, 1935, of a Chinese mother and a father who was a citizen of the United States. Plaintiff's father has been a permanent resident of the United States since 1926, and since 1936 has had his permanent residence in Milwaukee, Wisconsin. Plaintiff's grandfather was born in the United States. Plaintiff's father was born in China but came to the United States as a youth. He later visited China where he was married to plaintiff's mother. In 1936 plaintiff's father returned to the United States and during that year the plaintiff was taken by his mother from the province in China where he was born to the British Crown Colony of Hong Kong where he has since resided. On March 3, 1945, plaintiff's mother died and plaintiff thereafter was under the care of relatives of his mother.

The plaintiff insists that he and his father have made diligent efforts to bring plaintiff to the United States prior to his sixteenth birthday but that plaintiff was prevented from so coming to the United States by circumstances beyond his control. Those circumstances were that during World War II conditions were unsettled in China and in Hong Kong, and that neither the plaintiff nor his father could raise sufficient funds for plaintiff's transportation to the United States.

The District Court found that plaintiff's sixteenth birthday fell on July 16, 1951; that prior to that time plaintiff had not made application for the necessary travel papers to come to the United States; and that thereafter the American Consulate at Hong Kong formally informed the plaintiff that he was no longer a citizen of the United States due to the fact that plaintiff had not come to the United States prior to his sixteenth birthday as required by 8 U.S.C.A. § 601, 1942 Ed.[1] Section 601 provides:

"The following shall be nationals and citizens of the United States at birth:

\*　\*　\*　\*　\*　\*

"(g) A person born outside the United States and its outlying possessions of parents one of whom is a citizen of the United States \* \* \* the other being an alien: *Provided,* That, in order to retain such citizenship, the child must reside in the United States or its outlying possessions for a period or periods totaling five years between the ages of thirteen and twenty-one years: *Provided further,* That, if the child has not taken up a residence in the United States or its outlying possessions by the time he reaches the age of sixteen years \* \* \* his American citizenship shall thereupon cease.

\*　\*　\*　\*　\*　\*

"(h) The foregoing provisions of subsection (g) concerning retention of citizenship shall apply to a child born abroad subsequent to May 24, 1934." 8 U.S.C.A. § 601.

The Constitution confers citizenship only upon "persons born or naturalized in the United States, and subject to

1. Now 8 U.S.C.A. § 1401.

the jurisdiction thereof." Amendment XIV, Section 1. Clearly the plaintiff cannot claim citizenship under this provision of the Constitution. Plaintiff must therefore rely only on the provisions of such Acts as the Congress has passed under the authority of the Constitution.

As shown above, the Nationality Act of 1940 granted citizenship at birth to a child born in a foreign country to parents one of whom was a citizen of the United States, with certain residence requirements, and the other an alien. But this grant of citizenship was clearly made subject to the conditions subsequent that a person so born, to retain citizenship, "must reside in the United States or its outlying possessions for a period or periods totaling five years between the ages of thirteen and twenty-one years" and, further, that "if the child has not taken up a residence in the United States or its outlying possessions by the time he reaches the age of sixteen years * * * his American citizenship shall thereupon cease."

■■■ The Constitution of the United States, in Article I, Section 8, confers on the Congress the power to establish a uniform rule of naturalization. So long as the rule so established is uniform Congress may provide such conditions as it sees fit. In United States v. Wong Kim Ark, 169 U.S. 649, 668, 18 S.Ct. 456, 464, 42 L.Ed. 890, the Court said:

> "Nor can it be doubted that it is the inherent right of every independent nation to determine for itself, and according to its own constitution and laws, what classes of persons shall be entitled to its citizenship.

> "Both in England and in the United States, indeed, statutes had been passed at various times enacting that certain issue born abroad of English subjects, or of American citizens, respectively, should inherit, to some extent at least, the rights of their parents."

In the instant case the plaintiff was granted American citizenship at birth subject to the provision of the law that citizenship would be lost by his failure to comply with the stipulated conditions. The plaintiff did fail to comply with these conditions and pursuant to the law he ceased to be a citizen of the United States.

As the trial judge pointed out, the 1940 statute, 8 U.S.C.A. § 601, made no exception, based on circumstances of hardship, to the requirement that a person, in a situation such as the plaintiff, in order to retain his citizenship was required to take up residence in the United States or its outlying possessions by the time he reached the age of sixteen years.

The plaintiff has cited two District Court decisions, Lee Bang Hong v. Acheson, 110 F.Supp. 48, and Lee Hong v. Acheson, 110 F.Supp. 60, and a decision of this court, Lee Wing Hong v. Dulles, 7 Cir., 214 F.2d 753, as supporting his contention that his citizenship was not lost by his failure to establish residence in the United States prior to his sixteenth birthday. But in each of those cases the plaintiff had made timely application and in each case the plaintiff's failure to reach the United States prior to his sixteenth birthday was due to the tardiness and unnecessary delay by officials of the consular office in issuing to the plaintiff the necessary travel orders. Certainly the Government should not be heard to contend that a plaintiff had been deprived of his citizenship because of the failure of the plaintiff to do something which the officials of the Government had carelessly or willfully prevented his doing. In the instant case the plaintiff did not make any application to come to the United States until after his citizenship had been lost because of his failure to comply with the condition that he establish his residence in the United States prior to his sixteenth birthday.

The plaintiff herein also insists that "Subsections (g) and (h) of section 201 of the 1940 Nationality Act, 8 U.S.C.A. § 601(g) and (h) are part and parcel of the expatriation provisions of such Act which also included sections 400 to 410 thereof." Sections 400 to 410 of the 1940 Nationality Act, 8 U.S.C.A. §§ 800

to 810,[2] deal only with expatriation. These sections recognize the right of expatriation as a natural and inherent right of all people; define how a person who is a citizen of the United States by birth or naturalization shall lose his nationality; define certain actions of the citizen which shall constitute a presumption of expatriation; and define how such presumption of expatriation may be overcome by furnishing satisfactory evidence. Section 403 of the Act provides that no national under eighteen years of age can expatriate himself by performing some of the acts which Section 401 provides shall be expatriating acts if performed by a person who is eighteen years of age or over. The plaintiff here argues that since some of the expatriation cases hold that a citizen may not be expatriated unless he voluntarily performs the acts of expatriation and that a minor's act is not a voluntary act in the sense required to effect his expatriation the same rules should be followed in the instant case in determining whether or not the plaintiff has lost his citizenship.

However, as we have pointed out above, the sections of the Nationality Act on the two subjects, expatriation and acquiring citizenship at birth in a foreign country where only one of the parents is a United States citizen, are entirely different. The expatriation part of the Act describes what voluntary acts on the part of a citizen shall constitute renunciation of his citizenship, while that part of the Act upon which the plaintiff depends grants citizenship to a foreign born person subject to the provision that his citizenship may be retained only on the condition that he take up residence in the United States by the time he reaches the age of sixteen years and that if he fails to do so his citizenship shall thereupon cease. The Congress need not have made and did not make any exceptions to this condition.

The plaintiff also relies strongly on subsection (b) of Section 301 of the Immigration and Nationality Act of 1952,

8 U.S.C.A. § 1401 et seq., as operating to restore his citizenship. Subsection (a) (7) of Section 301 states: "a person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States * * *" shall be a national and a citizen of the United States at birth. But subsection (b) of this same section provides that:

"Any person who is a national and citizen of the United States at birth under paragraph (7) of subsection (a) of this section, shall lose his nationality and citizenship unless he shall come to the United States prior to attaining the age of twenty-three years and shall immediately following any such coming be continuously physically present in the United States for at least five years: *Provided*, That such physical presence follows the attainment of the age of fourteen years and precedes the age of twenty-eight years." 8 U.S.C.A. § 1401(b).

Section 405(c) of the Immigration and Nationality Act of 1952 provides that:

"Except as otherwise specifically provided in this Act, the repeal of any statute by this Act shall not terminate nationality heretofore lawfully acquired nor restore nationality heretofore lost under any law of the United States or any treaty to which the United States may have been a party." 8 U.S.C.A. § 1101 note.

The 1952 Act in Section 353(10) did specifically provide that subsections (b) and (c) of Section 404 of the Nationality Act of 1940 should not be held to be or to have been applicable to persons who had, by an Act of Congress or by treaty, United States nationality solely by reason of former nationality and birth or residence in an area outside the continental United States. Section 354(1) of the Immigration and Nationality Act of 1952, also provides that Section 404(c)

2. Now 8 U.S.C.A. §§ 1481–1489.

of the Nationality Act of 1940 should not be held to be or to have been applicable to veterans of World War II. 8 U.S.C.A. § 1486(1).

The plaintiff insists that subsection (b) of Section 301 of the Immigration and Nationality Act of 1952, operated to restore his citizenship. This subsection only provides that a person who is a national and citizen of the United States at birth under paragraph (a) (7) of Section 301 shall lose his citizenship unless he complies with certain requirements of residence in the United States.

Subsection (c) of Section 301 of the 1952 Nationality Act, 8 U.S.C.A. § 1401 (c), provides that:

> "Subsection (b) of this section shall apply to a person born abroad subsequent to May 24, 1934: *Provided, however,* That nothing contained in this subsection shall be construed to alter or affect the citizenship of any person born abroad subsequent to May 24, 1934, who, prior to the effective date of this chapter, has taken up a residence in the United States before attaining the age of sixteen years, and thereafter, whether before or after the effective date of this chapter, complies or shall comply with the residence requirements for retention of citizenship specified in subsections (g) and (h) of section 201 of the Nationality Act of 1940, as amended."

It would seem clear that this language cannot properly be construed to restore plaintiff's citizenship which had been lost prior to the effective date of the 1952 Act because of plaintiff's failure to comply with the condition that in order to retain his citizenship he was required to come to the United States prior to his sixteenth birthday. Subsection (c) offers to a person who was born abroad subsequent to May 24, 1934, and *who, prior to the effective date of the 1952 Nationality Act, had taken up residence in the United States before attaining the age of sixteen years* the choice of thereafter complying with the residence re-

quirements for the retention of citizenship as specified in subsections (g) and (h) of Section 201 of the 1940 Nationality Act, as amended.

The judgment of the District Court is affirmed.