**426**

**LEE CHUCK NGOW, Petitioner,**

v.

**Herbert G. BROWNELL, Jr., As Attorney General of the United States, Respondent.**

No. 5828.

United States District Court
E. D. Wisconsin.

May 21, 1957.

As Amended June 6, 1957.

J. P. Sanderson and Edwards E. Merges, Seattle, Wash., Gauer, Buer & Murray, Milwaukee, Wis., of counsel, for petitioner.

Edward G. Minor, U. S. Atty., and Matthew M. Corry, Asst. U. S. Atty., Milwaukee, Wis., for respondent.

GRUBB, District Judge.

This action was brought by petitioner for a decree declaring him a citizen of the United States under the provisions of the Nationality Act of 1940. The petition alleges that the petitioner was born in China on December 8, 1931; that he is the blood son of an American citizen; that petitioner arrived in the United States on February 6, 1952, whereupon he applied for admission to the United States as a citizen; that the immigration authorities refused to admit the petitioner as a citizen of the United States; that his administrative appeals within the Immigration Service have been adverse to him; and that as a result, his privileges as a citizen of the United States are being violated.

Trial was had before the court. The defendant offered no rebuttal witnesses and did not succeed in contradicting the testimony of plaintiff's witnesses. The sole remaining question to be determined by the court was whether the petitioner fell within that group prohibited under Section 201(g) of the Nationality Act of 1940 * from asserting his claim of citizenship.

█ The petitioner was born in 1931. The citizenship statute in effect at that time was Section 1993 of the Revised Statutes which provided:

"All children heretofore born or hereafter born out of the limits and jurisdiction of the United States, whose fathers were or may be at the time of their birth citizens thereof, are declared to be citizens of the United States; but the rights of citizenship shall not descend to children whose fathers never resided in the United States."

* Now 8 U.S.C.A. § 1401.

Section 1993 of the Revised Statutes was amended in 1934 in 48 Stat. 797. The amendment set up certain residence requirements as a condition to continued citizenship. The amendment provided in Section 5 that:

"The repeal herein made of Acts and parts of Acts shall not affect any right or privilege or terminate any citizenship acquired under such Acts and parts of Acts before such repeal."

Thus, the citizenship granted by statute to the petitioner was not affected by the amendments enacted in 1934.

The Nationality Act of 1934 was superseded by the Nationality Act of 1940. 54 Stat. 1138. It is the contention of the respondent that the petitioner lost his citizenship under Section 201(g) of the Nationality Act of 1940 by his failure to apply for, or take up, residence in the United States prior to his sixteenth birthday. The contention of the respondent cannot be sustained. Section 201(h) of the Nationality Act of 1940 provides:

"The foregoing provisions of subsection (g) concerning retention of citizenship shall appy to a child born abroad *subsequent* to May 24, 1934." (Emphasis supplied)

It was further provided in 54 Stat. 1174, § 504:

"The repeal herein provided shall not terminate nationality heretofore lawfully acquired, nor restore nationality heretofore lost under any law of the United States or any treaty to which the United States may have been a party."

The amendments to Section 1993 of the Revised Statutes which were made in 1934 and 1940 referred to children born after May 24, 1934, and they clearly do not affect citizenship acquired prior to May 24, 1934.

Since the petitioner was born in 1931, his rights as a citizen of the United States are governed solely by Section 1993 of the Revised Statutes. The conditions imposed by Congress in the Nationality Acts of 1934 and 1940 have no application to the petitioner.

It is the contention of the respondent that this action is governned by Lee You Fee v. Dulles, 7 Cir., 1956, 236 F.2d 885. That case is distinguishable because of the fact that Lee You Fee was born in 1935 and thus became a citizen subject to the conditions imposed under the provisions of the Nationality Act of 1934.

For the foregoing reasons, the petitioner is declared to be a citizen of the United States. Counsel for the petitioner is directed to prepare findings of fact and conclusions of law in accord with this opinion and to submit them to respondent's counsel for approval as to form only.