MATTER OF C——

In EXCLUSION Proceedings

A-11432903

*Decided by Board December 28, 1959*

**Loss of citizenship—Retention requirements of section 349(a)(1) of 1952 act apply to citizen who attains age 23 subsequent to December 24, 1952.**

(1) Under section 401(a) of the Nationality Act of 1940, subject, who acquired United States citizenship at birth in Italy in 1933 pursuant to R.S. 1993 and Italian nationality in 1935 upon his father's reacquisition of Italian citizenship, could retain his United States nationality only by establishing residence in the United States before reaching age 23.

(2) However, since subject was 19 years of age and still a citizen of the United States on December 24, 1952, when the Immigration and Nationality Act became effective, his case is governed by the more liberal provisions of section 349(a)(1) of that act permitting retention of his citizenship if he applies for admission to the United States before reaching age 25.

*Matter of C——*, 7 I. & N. Dec. 612, overruled.

EXCLUDABLE: Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant not in possession of an unexpired immigrant visa.

## BEFORE THE BOARD

**Discussion:** The appellant, a 26-year-old married male, born in Italy on September 19, 1933, arrived at New York, New York, on July 8, 1958, and applied for admission to the United States as a citizen thereof. He had in his possession a United States passport issued by the United States Consul at Palermo, Italy, on June 9, 1958. The aforementioned passport was valid for a return journey to the United States and expired on August 8, 1958. The appellant was ordered detained for further examination by a special inquiry officer for the purpose of determining his admissibility to the United States under the Immigration and Nationality Act and he was paroled into the United States under section 212(d)(5) of the Immigration and Nationality Act pending a final determination on his application for admission as a citizen of the United States.

After a hearing conducted at San Francisco, California, on September 2, 1959, the special inquiry officer directed that the appellant be admitted to the United States as a citizen thereof and at the same time he certified the case to the Board for final decision

in accordance with the applicable regulations. The record shows that the appellant's father, a native of Italy, was naturalized a citizen of the United States in the Superior Court of Santa Clara County, San Jose, California, on June 14, 1926. The father was married to a native-born citizen of the United States at Palermo, Italy, on April 23, 1930, and the appellant was born in Italy on September 19, 1933, approximately 2 months after his citizen father last returned to his native country in July 1933, where he has since resided. The appellant's father was a citizen of the United States when he (appellant) was born in Italy on September 19, 1933. Hence, the appellant acquired United States citizenship at birth under the provisions of section 1993, Revised Statutes. A certificate of expatriation approved by the United States Department of State on April 7, 1958, shows that the appellant's father expatriated himself on or about July 29, 1935, under the provisions of the first paragraph of section 2 of the Act of March 2, 1907, by having automatically naturalized as a subject of Italy, a foreign state, pursuant to article IX (3) of the Italian Nationality Law of June 13, 1912, and by his having manifested a voluntary acceptance of such nationality in that he resided in Italy continuously subsequent to his naturalization without documentation as an American citizen from July 1933 until January 15, 1958, the date the appellant made application for a United States passport. Moreover, he voted in elections held in Italy on June 7, 1953, May 23, 1954, and June 5, 1955. Under the provisions of article XII of the Italian Nationality Law of 1912, the appellant as a minor nonemancipated child acquired Italian nationality when his father reacquired such nationality in July 1935. Consequently, he acquired dual citizenship when he was approximately 2 years of age.

The appellant became subject to the provisions of section 401 of the Nationality Act of 1940, as amended, when that act became effective in January 1941. Section 401 thereof provides that:

SEC. 401. A person who is a national of the United States, whether by birt or naturalization, shall lose his nationality by:

(a) Obtaining naturalization in a foreign state, either upon his own appl cation or through the naturalization of a parent having legal custody of su( person: *Provided, however*, That nationality shall not be lost as the result the naturalization of a parent unless and until the child shall have obtain the age of twenty-three years without acquiring permanent residence in t United States * * *.

On the basis of the foregoing, the appellant had to return to t United States before attaining the age of 23 or lose his Unit States citizenship acquired at birth. Subsequent thereto, the N tionality Act of 1940, as amended, was repealed pursuant to sect 403(a)(42) of the Immigration and Nationality Act on Decem 24, 1952. The appellant on that date was 19 years of age an

citizen of the United States. Accordingly, the issue involved in the instant case is whether the appellant lost his United States citizenship under the provisions of section 401(a) of the Nationality Act of 1940, as amended, because of his reaching the age of 23 years without acquiring residence in the United States or whether he retained his United States citizenship under the provisions of section 349(a)(1) of the Immigration and Nationality Act.

The Service representative in oral argument stated that the decision rendered by the Service on November 22, 1957, in the *Matter of C——*, 7 I. & N. Dec. 612, is controlling in the instant case. The Service representative argues that section 401(a) was continued in operation by reason of the savings clause of the Immigration and Nationality Act (section 405(a)). The pertinent paragraph of section 349 of the Immigration and Nationality Act reads as follows:

SEC. 349. (a) From and after the effective date of this Act a person who is a national of the United States whether by birth or naturalization, shall lose his nationality by—

(1) obtaining naturalization in a foreign state upon his own application, upon an application filed in his behalf by a parent, guardian, or duly authorized agent, or through the naturalization of a parent having legal custody of such person: *Provided*, That nationality shall not be lost by any person under this section as the result of the naturalization of a parent or parents while such person is under the age of twenty-one years, or as the result of a naturalization obtained on behalf of a person under twenty-one years of age by a parent, guardian, or duly authorized agent, unless such person shall fail to enter the United States to establish a permanent residence prior to his twenty-fifth birthday: *And provided further*, That a person who shall have lost nationality prior to January 1, 1948, through the naturalization in a foreign state of a parent or parents, may, within one year from the effective date of this Act, apply for a visa and for admission to the United States as a nonquota immigrant under the provisions of section 101(a)(27)(E) * * *.

The special inquiry officer concluded that the appellant herein retained his United States citizenship, inasmuch as he entered the United States to establish a permanent residence prior to his 25th birthday as provided in section 349(a)(1), *supra*. The special inquiry officer stated in his decision that a somewhat comparable interpretation of a different section of the Immigration and Nationality Act was made by the Regional Commissioner in February 1958 and approved by the Assistant Commissioner in the *Matter of M——*, 7 I. & N. Dec. 646. The subject in *Matter of M——*, *supra*, was born in Mexico on April 17, 1935, and he acquired United States citizenship at birth under section 1993, R. S., as amended, because of the fact that his father had always been a citizen of the United States. The issue raised in *Matter of M——*, *supra*, was whether the subject lost citizenship under the provisions of sections 201 (g) and (h) of the Nationality Act of 1940, as amended, because he entered the United States on May 10, 1952, after reaching his 16th

513

birthday. It was concluded in *Matter of M——, supra*, that he had an opportunity to regain his citizenship by complying with the provisions of sections 301(b) and (c) of the Immigration and Nationality Act, inasmuch as he had been physically present in the United States since May 10, 1952, and on May 10, 1957, had fulfilled the retention requirements of sections 301(b) and (c) of the Immigration and Nationality Act, by having come to the United States prior to the age of 23 and by having been physically present in this country continuously for a 5-year period between the ages of 14 and 28. The decision rendered in *Matter of M——, supra*, is contrary to the views originally held on this question as set forth in *Matter of B——*, 5 I. & N. Dec. 291. *Matter of M——, supra*, made a detailed reference to *Lee You Fee v. Dulles*, 236 F.2d 885, wherein there was a situation identical in most respects to those existing in *Matter of M——* and *Matter of B——, supra*.

The District Court, 133 F. Supp. 160, and the Circuit Court of Appeals, 236 F.2d 885, held that Lee You Fee had failed to retain his citizenship because of his failure to come to the United States prior to the effective date of the Immigration and Nationality Act of December 24, 1952, and prior to his 16th birthday. The Supreme Court granted certiorari in May 1957 and on November 18, 1957, the court in a *per curiam* opinion (355 U.S. 61) stated that: "Upon consideration of the confession of error by the Solicitor General and of the entire record, the judgment of the United States Court of Appeals for the Seventh Circuit is reversed and the case is remanded to the District Court with directions to vacate its order dismissing the complaint." The Government brief submitted by the Department of Justice stated among other things that the real issue in *Lee You Fee v. Dulles, supra*, is whether, although the petitioner had lost his citizenship under the 1940 act, sections 301(b) and (c) of the 1952 act gave him an opportunity to regain that citizenship by coming to the United States before he was 23 years of age. The Solicitor General stated in his brief that the petitioner's position was correct and the contrary position of the Government below in the District and Circuit Court of Appeals was incorrect; that section 301(c) states in terms that the new rule established by section 301(b) as to losing citizenship unless one has come to the United States prior to the age of 23 "shall apply to a person born abroad subsequent to May 24, 1934." Lee You Fee was, in fact, born in China on July 16, 1935, a date subsequent to May 24, 1934. The Government brief referred to the comments and analysis of the Immigration and Naturalization Service on the proposed 1952 act wherein it was stated that "although subsection (b) refers specifically to persons born abroad who are citizens under paragraph (7) of subsection (a), the apparent effect of subsection (c) is to apply

514

the rules for retention of citizenship contained in subsection (b) to all persons born abroad subsequent to May 24, 1934." The Government brief noted that the language and legislative history in section 301(c) sufficiently indicated a congressional intent to cover all persons born after May 24, 1934, so that section 301(c) of the 1952 act should properly be treated as a specific provision rendering the general savings clause inapplicable; that the determination of whether a particular section comes within the "otherwise specifically provided" part of a general savings clause requires not any particular form of language, rather only a clear expression of congressional purpose. The Supreme Court action in *Lee You Fee* v. *Dulles, supra,* is the law of the land. Hence, a person in order to retain his United States citizenship in accordance with the provisions of sections 301 (b) and (c) of the Immigration and Nationality Act was required to come to the United States prior to the time he reached 23 years of age and immediately following any such coming to be continuously present in the United States for at least five years * * *. The confession of error by the Solicitor General of the United States in *Lee You Fee* v. *Dulles, supra,* and the subsequent action of the Supreme Court of the United States in that case overrules the decision of this Board in *Matter of B——, supra.*

Section 349(a) of the Immigration and Nationality Act continued in effect the ten acts listed in the Nationality Act of 1940, as amended, by which both native-born and naturalized citizens shall divest themselves of their nationality. The bill, except for certain modification, continued in effect the provisions of the Nationality Act of 1940 relating to acts which cause loss of nationality but modifies the conditions under which the person who may commit certain expatriating acts while under 18 years of age may repudiate those acts and thus preserve his United States citizenship (Senate Report No. 1137, 82d Cong., 2d Sess., which accompanied S. 2550). This report bears the notation that the committee, after consideration of all the facts, recommends that the bill be enacted. It was also stated in Senate Report No. 1137, *supra* (p. 49), that "a child under 21 years of age who is residing abroad with or under the legal custody of a parent who loses American nationality under the 3-year or 5-year rule also loses his American nationality if he has or acquires the nationality of the foreign state." Under existing law (the Nationality Act of 1940) the child may return to the United States prior to reaching the age of 23, establish his residence, and thereby retain his citizenship. The Immigration and Nationality Act of 1952 raises the age limit from 23 to 25. Unquestionably, the congressional intent at the time the Immigration and Nationality Act was enacted was to liberalize not only section 301 (b) and (c) but also section 349(a)(1) of the Immigration and Nationality Act.

The brief submitted by the Government in *Lee You Fee* v. *Dulles*, *supra*, states that the language and legislative history in section 301 expressly indicates a congressional intent to cover all persons born after May 24, 1934, so that section 301(c) should properly be treated as a specific provision rendering the general savings clause inapplicable. Therefore, we find that the views expressed by the Department of Justice in its confession of error to the Supreme Court in *Lee You Fee* v. *Dulles, supra*, as to whether a particular section of the Immigration and Nationality Act comes within the "otherwise specifically provided" part of the general savings clause are applicable to section 349. Section 349(a)(1) of the Immigration and Nationality Act was intended to liberalize the law so that citizens of the United States who had not lost their nationality on December 24, 1952, and had not obtained 23 years of age would have an additional two years within which to come to the United States in order to preserve their citizenship; that Congress intended to liberalize the then existing laws is evidenced by statements made by Senate Committee on the Judiciary in Senate Report No. 1137, *supra* (pp. 46, 49).

The expatriation of the appellant's father in July 1935 was merely a condition precedent to his, the appellant's, possible expatriation, which in turn depended upon his subsequent conduct up to and including the expiration of the defined limits specified in the statute in effect at the time the appellant adopted or made a choice of nationality. The appellant did not lose his United States nationality, inasmuch as he entered the United States to establish a permanent residence prior to his 25th birthday. It should be noted that provision was also made in section 349(a)(1) for nonimmigrant status for all persons who prior to January 1, 1948, lost nationality through their parent's naturalization in a foreign state.

The latter proviso of section 349(a)(1) further emphasizes that it was the intention of the Congress to liberalize the aforementioned section of the Immigration and Nationality Act. After carefully considering all the evidence of record, together with the representations by counsel and the Service representative in oral argument, we conclude for the reasons hereinbefore set forth that the appellant was properly admitted to the United States as a citizen thereof by the special inquiry officer. Accordingly, the following order will be entered.

**Order:** It is ordered that the order of the special inquiry officer dated September 24, 1959, directing that the appellant be admitted to the United States as a citizen thereof be and the same is hereby approved.